148 So.2d 564 (1963)
Helen R. SPEARS, Appellant,
v.
Floyd N. SPEARS, Appellee.
No. D-363.
District Court of Appeal of Florida. First District.
January 17, 1963.
*565 A. Duane Bergstrom, Orlando, for appellant.
James W. Pettyjohn and John Paul Howard, Jacksonville, for appellee.
STURGIS, Judge.
The appellant wife was granted a divorce on the ground that appellee was guilty of adultery. She brings this appeal to review that part of the final decree denying her claim to a special equity in a furniture business operated by her former husband, the appellee, and limiting an award of alimony to $45.00 per week for a period of 520 consecutive weeks.
Upon considering the proofs and argument of counsel, the trial court entered an order containing findings upon which the final decree is based. That order does not, nor does the decree appealed, specify with particularity the value of the husband's estate, his earning capacity, or his income. Appellant contends that this omission constitutes reversible error. It is the rule, however, that failure of the chancellor to make specific findings of fact in a suit in equity is not reversible error. Gregg Maxcy, Inc. v. Bateman, 119 Fla. 490, 160 So. 745.
The order preliminary to final decree found the defendant husband guilty of adultery as charged and made extensive findings as to business transactions between the parties over a long period of time during coverture. The court found, inter alia, that the wife did not have a legal or equitable interest in the defendant husband's furniture business, that she was not misled by him as to any material fact, that she knew how to deal with him and did deal with him in a manner and with such firmness and success in their business transactions that she gained whatever advantage she was not willing to surrender, and that subsequent to the year 1946 she promoted her own interest and that of her children over the interest of the defendant husband and of the furniture business in dispute. The order goes on to recite:
"But this does not mean the Plaintiff has no claim against Defendant for the $1,000.00 loan which has never been repaid nor that she has no claim to alimony; albeit, the standard of living which Defendant provided for Plaintiff was in fact a standard she herself provided for herself. In fact Defendant knowingly spent very little on Plaintiff or for Plaintiff in recent years, he having devoted most of his earnings to expanding the business and repaying his brother.

*566 "Based on the foregoing facts, it appears to this Court that in this case there should be a repayment of the $1,000.00 plus interest at six per cent (6%) from 1946 to date, to-wit: $900.00 and monthly alimony for 10 years which will replace substantially what Plaintiff might otherwise have accumulated out of her earnings from 1946 to 1956 if she had not been under some degree of necessity to use such earnings to discharge the obligations of Defendant to support and educate his family."
Activating that premise, the final decree provides:
"The defendant, FLOYD N. SPEARS, shall pay to the plaintiff, HELEN R. SPEARS, the sum of $45.00 per week on Friday of each week, commencing on the first Friday following the entry of this Decree, for a period of 520 consecutive weeks, as and for alimony, and upon defendant's paying said obligation for such period to plaintiff, there shall be no further obligation on the part of the defendant to support the plaintiff. In the event plaintiff should remarry or die or in the event of the death of the defendant, then defendant's obligation to pay said alimony payments shall be fulfilled, and such payments shall immediately terminate and cease."
The material points for determination may be summarized thus: (1) Whether the chancellor erred in failing to grant the appellant a special equity in appellee's furniture business. (2) Whether the award of alimony is (a) so inadequate as to constitute an abuse of discretion and (b) erroneously limited to payments over a period of 520 consecutive weeks.
It is well recognized in this state that a wife who makes a material contribution to the acquisition of property by her husband acquires a special interest therein, and upon divorce is entitled to an award in satisfaction thereof. Chaachou v. Chaachou (Fla. 1961), 135 So.2d 206: Shannon v. Shannon (Fla.App. 1958), 101 So.2d 428; Foreman v. Foreman (Fla. 1949), 40 So.2d 560; Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223; Engebretsen v. Engebretsen, 151 Fla. 372, 11 So.2d 322; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Windham v. Windham, 144 Fla. 563, 198 So. 202; Carlton v. Carlton, 78 Fla. 252, 83 So. 87, 10 Fla.Jur., Divorce and Separation, 209. A careful review of the record reveals that there is ample evidence to support the finding of the chancellor that appellant is not entitled to a special equity in appellee's furniture business. Under such circumstances it is elemental that this court will not substitute its conclusions for those of the chancellor on issues of fact.
The provisions of the final decree relating to alimony are predicated on the proposition, found in the preliminary order containing the court's findings, that "monthly alimony for ten years * * * will replace substantially what Plaintiff might otherwise have accumulated out of her earnings from 1946 to 1956 if she had not been under some degree of necessity to use such earnings to discharge the obligations of Defendant to support and educate his family." Award of alimony is not available as a means by which to reduce a debt due by the former husband to his former wife or as an alternative so some other type of restitution to which she may be entitled. The obligation of a former husband to pay alimony to his former wife arises from and is a continuation of the duty of support existing during coverture. Bredin v. Bredin (Fla. 1956), 89 So.2d 353, 61 A.L.R. 2d 942; Jacobs v. Jacobs (Fla. 1951), 50 So.2d 169; Chaires v. Chaires, 10 Fla. 308. And while great latitude of discretion is accorded the chancellor in awarding alimony, he must act within the bounds of sound judicial discretion and settled principles of law.
The post-nuptial obligation of the former husband to pay alimony rests on equitable considerations that are not unlike those which impose on him the obligation to *567 support a wife justifiably living separate and apart from him during coverture. A review of the authorities discloses a marked lack of uniformity in dealing with the problem of alimony, but it is generally held that where a final decree finding that the wife is entitled to alimony does not specifically award a lump sum or property settlement in lieu of periodic payments of alimony, such periodic payments continue as a matter of right until the death of the husband or wife, or remarriage of the wife, or until the award is modified because of a change in circumstance. It has been held proper to allow a lump award of alimony to be discharged by periodic installments. In such cases special facts are usually found to exist and such procedure does not appear to change the basic distinction between alimony in gross and alimony in limited periodic installments payable for an indefinite period.
The primary difficulty in this case arises from the fact that the order directing preparation of the final decree, by reference made a part thereof, reflects that the predicate for granting alimony in the amount stated has no relation to the factors upon which the right to alimony is traditionally founded as a matter of law. Alimony was granted herein as a means by which (a) to compel the husband to compensate the wife for money which she advanced to him some years prior to the divorce, together with what might have been earned by way of interest thereon; and (b) to compensate the wife for what she "might otherwise have accumuated out of her earnings from 1946 to 1956 if she had not been under some degree of necessity to use such earnings to discharge the obligations of the husband to support and educate his family." While such acts of the wife may be taken into account, along with all the other facts and circumstances, in determining whether she is entitled to alimony, alimony is not allowable as a vehicle by which to obtain repayment of moneys advanced to the husband or expended for his account, nor is it awardable in lieu of a special equity to which the wife may be entitled in property standing in the husband's name.
That part of the decree relating to alimony is set aside and this cause is remanded with directions to the chancellor (1) to again consider the question of whether alimony should be awarded herein and to enter an appropriate order in the premises, and (2) in the light of this decision to again consider, independent of the question of alimony, whether the appellant is entitled to a reimbursement from her husband by virtue of the $1,000.00 advanced by appellant to appellee and the amount expended by her for family purposes, and to enter an appropriate order in the premises.
Affirmed in part, reversed in part.
WIGGINTON, Acting C.J., and RAWLS, J., concur.