**Cecil Frances ADLER, Bankrupt, Appellant,**

v.

**John NICHOLAS, Trustee in Bankruptcy, Appellee.**

**No. 23802.**

United States Court of Appeals
Fifth Circuit.

July 21, 1967.

Paul G. Hyman, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for bankrupt.

Martin E. Segal, Patton & Kanner, Miami, Fla., for appellee.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

On November 6, 1964, the Bankrupt and her then husband entered into a written agreement entitled "Separation

---

* Of the Tenth Circuit, sitting by designation.

and Property Settlement Agreement."[1] On November 25, 1964, the parties were divorced and the agreement was approved by the court and made a part of the final decree. On March 3, 1965, the Bankrupt filed her voluntary petition and was adjudicated.

Claiming that the sums payable to the Bankrupt under the agreement[2] were the proceeds of a property settlement rather than alimony, the Trustee filed a petition for an order to show cause why the funds should not be included in the bankrupt estate. The Referee found for the Bankrupt. On review the district court reversed the Referee and found that the funds payable under the agreement were a division of property rather than alimony, and that, as such, the unpaid balance passed to the Trustee as an asset of the estate. We affirm.

■ At the outset the Bankrupt maintains that the Referee's finding in her favor cannot be set aside by the district court or this court because it is not clearly erroneous. Fed.R.Civ.P. 52; General Order of Bankruptcy No. 47; Hoppe v. Rittenhouse, 9 Cir. 1960, 279 F.2d 3; Phillips v. Baker, 5 Cir. 1948, 165 F.2d 578. While the clearly erroneous doctrine is the usual rule on review of the Referee's findings, it is subject to the modification that it does not apply with equal force where, as here, the appellate court is in as good a position as the Referee to construe the terms of a written

1. The agreement provides in pertinent part:

"4. The Husband agrees in full settlement and discharge of all obligation to support the Wife and in lieu of all alimony, separate maintenance, dower, right or claim of the Wife against the Husband, and as a property settlement, to do the following:

"(a) To pay to the Wife the sum of Ten Thousand ($10,000.00) Dollars payable in weekly installments of One Hundred ($100.00) Dollars per week, commencing from Wednesday, November 25, 1964, which payments shall continue for one hundred (100) consecutive weeks (with each payment to be made on Wednesday of each such week), upon the understanding and agreement that the Husband shall have made all temporary support and alimony payments to the Wife, per prior Order of the Court, due up to that time, except those relating to the fixed charges on the present residence. These payments shall be deemed a part of a property settlement between the parties and said payments shall continue to be made in any event, as provided herein, regardless of the death, or remarriage, of the Wife, provided that in the event the Wife becomes deceased prior to the completion of the full payment of Ten Thousand ($10,-000) Dollars, any remaining balance shall be paid over in accordance with the foregoing provisions, to the minor children above-named in equal shares."

"In the event the Husband shall fail to make the payments contained herein for any reason whatever, and for this purpose the parties covenant and agree that the Husband's obligation herein shall constitute alimony and support, and shall not be dischargeable in bankruptcy, the Wife shall be entitled to any remedies available to her, either in law or in equity, for breach thereof."

\* \* \* \* \*

"(g) To pay the Wife as additional alimony, the further sum of Forty ($40.00) Dollars per week commencing seven (7) days following the expiration of the one hundred (100) week period, as provided in Item 4(a) above-herein, which payments shall be made on Wednesday of each week. Such weekly payments shall be made on Wednesday of each week. Such weekly payments shall be made for the full period of ten (10) years. Thereafter, for the next ten (10) years immediately following, the Husband shall pay to the Wife, as additional alimony, the sum of Twenty ($20.00) Dollars per week. At the expiration of this ten (10) year period the obligations provided herein shall cease. Notwithstanding anything contained in this paragraph, this obligation on the part of the Husband to pay this additional alimony shall in no event extend beyond the death or re-marriage of the Wife.

"(h) The Husband acknowledges that all of his obligations under Item 4 hereof and its various subheadings marked (a) through (h) shall in the event of the Husband's default, constitute alimony and support and shall not be dischargeable in bankruptcy."

2. We are concerned only with the sum of $10,000.00 payable in weekly installments as set forth in paragraph 4(a) of the Agreement.

instrument no credibility issues being involved. Shaw v. United States Rubber Co., 5 Cir. 1966, 361 F.2d 679, 682; Mayo v. Pioneer Bank & Trust Co., 5 Cir. 1961, 297 F.2d 392, 395; In re Morasco, 2 Cir. 1956, 233 F.2d 11, 14–15; Carr v. Southern Pacific Co., 9 Cir. 1942, 128 F.2d 764, 768.

 Florida has laid the ground rules to be followed in approaching our problem. Property settlement agreements are to be construed and interpreted as other contracts, Bergman v. Bergman, Fla.1940, 199 So. 920; Clark v. Clark, Fla.1955, 79 So.2d 426. " * * * [i]n the construction of written contracts it is the duty of the court, as near as may be, to place itself in the situation of the parties, and *from a consideration of the surrounding circumstances, the occasion, and apparent object of the parties, to determine the meaning and intent of the language employed.*" Underwood v. Underwood, Fla.1953, 64 So.2d 281, 288. Under Florida law the word "alimony" in an agreement is not legally dispositive. "It is not what it is *called* but what it *is* that fixes its legal status. It is the *substance* and not the *form* which is controlling." Ibid.

The main thrust of the Bankrupt's argument is that in paragraph 4(g) [3] of the agreement the $40.00 per week payments to be made after the original $10,000.00 is paid in $100.00 weekly installments is particularly designated as *additional alimony.* The same is true of the $20.00 payments. And in paragraphs 4(a) and (h) reference is made to the husband's obligation as being alimony not dischargeable in bankruptcy. All of this, says the Bankrupt, indicates an intention of the parties that the amounts are alimony, not a division of property.

 Whether the words "additional alimony" in paragraph 4(g) refer to prior court ordered alimony or are simply an unwise choice of language, it seems clear from the context of paragraphs 4(a) and (g) that two entirely different types of payments were intended. Paragraph 4(a) provides that, "These payments shall be deemed a part of a property settlement * * * and said payments shall continue to be made in any event * * * regardless of the death, or remarriage of the Wife * *." This plain language is wholly inconsistent with the notion that the payments were considered as alimony. Underwood v. Underwood, supra. This is buttressed by the further provision that if the wife dies before the full $10,000 has been paid to her the balance is to be paid to the minor children. Payment of a continuing obligation after the wife's need for support terminates strongly supports an intent to divide property and strongly refutes an argument that it is alimony. Contrariwise, in paragraph 4(g), after providing for the weekly payments of $40.00 and $20.00, it is said, "Notwithstanding anything contained in this paragraph, this obligation on the part of the Husband to pay this additional alimony shall in no event extend beyond the death or remarriage of the Wife." This is a clearly expressed intention to treat these payments as alimony. Cf. Spears v. Spears, Fla.App. 1963, 148 So.2d 564, 567.

The reference to alimony in paragraphs 4(a) and (h) are read out of context by the Bankrupt. These are default clauses and simply provide that if the husband does not make the required payments then the husband's obligation shall be *treated* as alimony so that it cannot be discharged in bankruptcy and the wife can enforce it by any available remedy. This is not inconsistent with the language employed in the agreement that the $10,000 is a property settlement. The Bankrupt testified that it was her desire that these payments be considered a property settlement so they would not be subject to federal income tax. She did not, however, want this advantage offset by the disadvantageous possibility that the payments might be discharged by the husband's bankruptcy, and thus they were to be treated as alimony if, and only if, the husband defaulted. The

3. See note 1 supra.

reference to alimony in this context cannot be used as a make weight argument that the financial arrangements are alimony.

■ Finally, the Bankrupt, pointing to Florida Statutes § 65.08, F.S.A.,[4] argues that the duration of payments or the fact that the aggregate amount of monthly payments are limited to a total sum certain is not determinative of whether they constitute alimony.[5] This is too broad an abstract statement. There can be no doubt that a court may, without any agreement of the parties, order monthly payments, a lump sum payment or a sum certain to be paid periodically as alimony.[6] It is equally clear that when the parties enter into a voluntary property settlement agreement providing for the periodic payment of money, it is no different in its legal aspect than other agreements. Underwood v. Underwood, supra.

■ In this case differences arose between the parties which led them to agree to a separation. They entered into a voluntary property settlement agreement without compulsion on either party. The parties' heirs, representatives and assigns were bound to carry it out. Considered as a whole, the agreement plainly shows that the parties intended it to be a final settlement of all obligations between them concerning their property of any kind. Vance v. Vance, Fla.1940,

197 So. 128. There was a division of furniture, furnishings and fixtures. The husband relinquished to the Bankrupt his interest in an automobile. The Bankrupt was given a half ownership interest in certain real property with the provision that if she remarried and made payments on the mortgage indebtedness and the property was thereafter sold, the accretion in the equity was to be paid to other. Each party released the other from all claims except as provided in the agreement. The payment of $10,000 in installments of $100 per week for one hundred consecutive weeks was described as a property settlement. It was required to be made to the Bankrupt regardless of her death or remarriage, with the further proviso that if the Bankrupt died before this payment was made in full the balance was to be paid to the minor children.[7] We think it is clear that the parties intended the payment of the $10,000 to be a property settlement and not alimony.

The right to the funds in question vested in the Bankrupt upon her execution of the agreement, and she thereafter had unlimited power to assign or transfer the monies. This being so, the unpaid balance of the $10,000 passed to the Trustee and became a part of the bankrupt estate upon the filing of the voluntary petition by the Bankrupt.[8] In re Fiorio, 7 Cir. 1942, 128 F.2d 562.

Affirmed.

---

4. § 65.08 provides in part: " * * * In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in lump sum, or both, in its discretion."

5. Spears v. Spears, Fla.1963, 148 So.2d 564; Arrington v. Arrington, Fla.1963, 150 So.2d 473; Pross v. Pross, Fla.1954, 72 So.2d 671, relied upon by the Bankrupt are inapposite. They simply hold that the court may, under the statute, allow as alimony a lump sum award, or a sum certain payable in periodic installments.

6. See note 5, supra.

7. There are also provisions in the agreement concerning attorney's fees, hospitalization and life insurance, visitation and custody of the children, and the payment of alimony in different amounts and at different times but not to extend beyond the death or remarriage of the Bankrupt.

8. Bankruptcy Act § 70(a), 11 U.S.C.A. § 110(a).