PER CURIAM.
The appellant and appellee, both mature individuals, entered into a marriage of short duration which ended in a final judgment of divorce. The appellee was a woman of substantial assets; the appellant was a man of very meager means. In her amended pleading, the appellee alleged that she had suffered certain financial losses because of activities of the appellant, and prayed for relief as follows:
***** *
“B. That the court will ascertain and determine the extent and amount of plaintiff’s financial loss occasioned by the conduct of the defendant and will order the defendant to pay to the plaintiff as lump sum alimony said amounts as determined by the court.”
******
At the time of the entry of the final judgment, the appellee was granted a divorce and awarded lump sum alimony in the amount of $4,160.00. She was also awarded attorney’s fees. The appellant has appealed and urges error in the award of lump sum alimony in light of the appellee’s testimony that she did not desire alimony and the difference in the respective financial positions of the parties, relying on the following authorities: Kahn v. Kahn, Fla.1955, 78 So.2d 367; Heller v. Heller, Fla.App.1963, 151 So.2d 35; Pendelton v. Pendelton, Fla.App.1966, 189 So.2d 499; Gordon v. Gordon, Fla.App.1966, 192 So.2d 514. And, further, that the trial court erred in the award of attorney’s fees.
We find mefit in the appellant’s first contention, and reverse the award of lump sum alimony. It was error for the trial judge to award the appellee lump sum alimony in an effort to reimburse her for any sums allegedly advanced during the coverture. Spears v. Spears, Fla.App.1963, 148 So.2d 564. It has also been held that where the wife has substantial assets in a marriage of short duration, it is not incumbent on the trial judge that she be awarded alimony. Chaires v. Chaires, 1864, 10 Fla. 308; McCarter v. McCarter, 131 Fla. 561, 179 So. 760; Kahn v. Kahn, supra; Gordon v. Gordon, supra. This should be particularly true where she indicates that she doesn't desire alimony.
As to the attorney’s fees, it is within the discretion of the trial judge to make an award of attorney’s fees to a wife upon the granting to her of a divorce, notwithstanding a disallowance of alimony. Wilkerson v. Wilkerson, Fla.App.1965, 179 So.2d 592; Silberman v. Katcher, Fla.App.1968, 214 So.2d 726.
*777 Therefore, for the reasons above stated, the final judgment of divorce here under review be and the same is hereby affirmed, except that same be modified by eliminating the lump sum alimony.
Affirmed as modified.