**In re Warren L. EISENBERG, Debtor.**

**Rosetta ALLEN (Eisenberg), Plaintiff,**

v.

**Warren L. EISENBERG, Defendant.**

**Bankruptcy No. 881–82637–18.**
**Adv. No. 881–0828–18.**

United States Bankruptcy Court,
E. D. New York.

April 1, 1982.

Hession, Halpern & Bekoff, P. C., Mineola, N. Y., for plaintiff.

Jeffrey I. Silver, Lake Ronkonkoma, N. Y., for debtor-defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

On August 10, 1981, Warren L. Eisenberg (debtor-defendant) filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

Rosetta Allen (plaintiff), the former wife of Warren L. Eisenberg, commenced an adversary proceeding against the debtor-defendant on October 23, 1981, to determine the dischargeability of certain debts agreed to by the parties in a stipulation which was incorporated in a decree of dissolution of their marriage.

FACTS

Plaintiff and the debtor-defendant were married on March 31, 1967, and are the parents of two infant children.

By order of the Supreme Court of the State of New York, dated April 1, 1981, the marriage between Rosetta Allen (Eisenberg) and Warren Eisenberg was dissolved.

The Judgment of Divorce incorporates a Stipulation entered into between Rosetta Allen (Eisenberg) and Warren Eisenberg dated February 25, 1981, which provides in part:

(1) That the marital dwelling which was held as tenants by the entirety shall be conveyed to the wife exclusively.

(2) That the husband shall provide child support at the rate of $65 per week per child.

(3) That the husband shall have the right to claim the two children as dependents for income tax purposes.

(4) That the husband agrees to assume and be responsible for certain existing debts of the marriage, *viz.*, the National Bank of North America home improvement loan, the HFC loan, the Sag Harbor loan and the Meenan Oil loan.

(5) That the husband will hold the wife harmless and indemnify her in the event he fails to make payment of any of these loans.

The husband's obligations to the wife are stated in those sections of the document providing for the support and maintenance of his wife and children.

The Judgment of Divorce decrees, *inter alia*, that the husband should pay the wife's counsel fees in the amount of $2,500. Said fees have been paid by the wife.

None of the above obligations have been paid by the debtor-defendant.

As a result of debtor-defendant's failure to make payments on the various debts, actions have been commenced against the plaintiff, and there are presently judgments which affect the real estate which was the marital abode.

Although plaintiff is a licensed nurse, she was not working at the time of the divorce nor at any time subsequent to it.

In the proceeding presently before this Court, the debtor-defendant denies that these debts are nondischargeable under 11 U.S.C. § 523(a)(5) on the grounds that they constitute a property settlement not alimony, maintenance or support and that as the debts were to be paid directly to the creditors, the payments were for the benefit of creditors rather than for the benefit of a spouse or dependents.

Section 523(a)(5) states:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law; or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The legislative history indicates:

Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The provision excepts from discharge a debt owed to a spouse, former spouse or a child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settle-ment agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance or support of debtor's spouse, former spouse, or child. 124 Cong.Rec.H 11,095–6 (Sept. 28, 1978); S 17,412–3 (Oct. 6, 1978).

The apparent intent and purpose of 11 U.S.C. § 523(a)(5) is to prevent a debtor from discharging his responsibilities to an ex-spouse or children, even to the extent that such support was in the form of a debt to be paid to a third party. *In re Mullins,* 14 B.R. 771, 5 C.B.C. 368, 370 (Bkrtcy.W.D. Oklahoma 1981).

 Since the nature of the claim underlying the debt determines the extent of the dischargeability, it is necessary to examine the agreement and all the circumstances surrounding the creation of the liability to determine if the debt is in the nature of alimony, maintenance or support. *In re Lineberry,* 9 B.R. 700, 704 (Bkrtcy.W.D.Missouri 1981).

 Among the factors which the Court must consider in determining whether a husband's debt is in the nature of alimony, maintenance or support are the length of the marriage, the relative earning power of the parties and whether there was issue of the marriage. *See, In re Cartner,* 9 B.R. 543, 545 (Bkrtcy.M.D.Alabama 1981), *In re Henry,* 5 B.R. 342, 343 (Bkrtcy.M.D.Florida 1980).

Additionally, the Court must determine whether the wife was otherwise provided for, *id.* at 343, and whether the Stipulation taken as a whole indicates an intent of the parties that the obligation was in the nature of alimony, maintenance or support. *See, In re Snyder,* 7 B.R. 147, 150 (D.C.W.D. Virginia 1980).

In the instant case, the parties were married for fourteen years, there were two children of the marriage and the wife is unemployed and otherwise unprovided for.

A careful review of the Stipulation indicates that it was the intent and under-

standing of the parties that the liability incurred by the husband was actually in the nature of alimony or maintenance.

Based on the foregoing facts, the Court finds that the debt owed by debtor-defendant to plaintiff is a liability in the nature of alimony or maintenance and non-dischargeable under § 523(a).

Accordingly, judgment is granted in favor of plaintiff.