**In re Philip Kelley GOIN, d/b/a Kelley's Auto Supply, Debtor.**

**Philip Kelley GOIN, Plaintiff/Appellant,**

**v.**

**Donna Jo RIVES, Defendant/Appellee.**

Civ. A. No. 85–2030–S.
Bankruptcy No. 82–20543.
Adv. No. 82–303.

United States District Court,
D. Kansas.

July 16, 1985.

Timothy J. King, Michael P. O'Keefe, Leawood, Kan., for plaintiff/appellant.

Richard L. Reid, Kansas City, Kan., for defendant/appellee.

Chris Henry, Kansas City, Kan., Trustee.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an appeal from the United States Bankruptcy Court for the District of Kansas. On June 11, 1982, plaintiff/appellant filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Defendant/appellee filed her proof of claim on July 28, 1982, in the amount of Sixty-Five Thousand Dollars ($65,000). Plaintiff/appellant filed his complaint to determine dischargeability of debt pursuant to 11 U.S.C. 523(a)(5) and on October 29, 1984, the bankruptcy court held that defendant/appellee's claim was in the nature of alimony and support and is therefore non-dischargeable in bankruptcy. It is from this ruling that plaintiff/appellant appeals.

The parties were married on May 22, 1965. A petition for divorce was filed on June 6, 1978. The Wyandotte County, Kansas, District Court rendered a divorce decree on December 5, 1978, wherein it provided for the custody of the parties' three (3) minor children. The pertinent provision of this decree is as follows.

1. The defendant shall pay to plaintiff the sum of Eighty Thousand ($80,000.00) Dollars representing payment for plaintiff's one-half (½) interest in the three hundred (300) shares of Kelley's Auto Supply, Inc., a corporation, and her one-half (½) interest in the real estate described above. The parties agree that said stock and real estate could not be divided in kind. The said sum of Eighty Thousand [Dollars] ($80,000.00) is to be paid by defendant as follows: Five Thousand ($5,000.00) Dollars on January 6, 1979, and Five Thousand ($5,000.00) Dollars on the 6th day of January of each succeeding year thereafter until the entire sum is fully paid. Said sum of Eighty Thousand ($80,000.00) Dollars shall become a judgment against the defendant and be a lien on the real estate hereinabove described.

Plaintiff/appellant argues that the bankruptcy court erred in finding that his obligation to defendant was in the nature of alimony, maintenance or support rather than in the nature of a property settlement. Section 523(a)(5)(B), Title 11, United States Code, provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or ... property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...

The designation of a debt as maintenance or a property settlement is not conclusive, and the court must examine all facts and circumstances to determine the true nature of the obligation. Factors to be considered in determining whether a debt is in the nature of alimony, maintenance or support include the length of the marriage, the relative earning power of the parties, and whether there was issue of the marriage. *In re Eisenberg*, 18 B.R. 1001 (E.D.N.Y.1982). The intent of the parties is also a relevant factor. See *Drummond v. Drummond*, 209 Kan. 86, 495 P.2d 994 (1972).

In the case at bar, the parties were married for thirteen (13) years and had accumulated an auto supply company. De-

fendant was a housewife who worked part-time as a beautician. Three (3) children were born of the marriage, although the divorce decree made separate provision for child support. The divorce decree makes no mention of alimony or maintenance for defendant. The provision in question provides for the payment of a sum of Eighty Thousand Dollars ($80,000) to be made in yearly installments of Five Thousand Dollars ($5,000). The $80,000 was to become a judgment against plaintiff and a lien on certain described real estate. There was no provision for the running of interest on the amount which was to be paid by plaintiff. Viewing the decree as a whole, in light of the facts and circumstances of this case, this court is in agreement with the October 29, 1984, order finding defendant/appellee's claim to be in the nature of alimony and therefore non-dischargeable.

The court notes that the findings of fact by the bankruptcy judge herein do not appear to be clearly erroneous and therefore shall not be set aside. See *Adler v. Nicholas*, 381 F.2d 168 (5th Cir.1967). Issues of credibility are properly left for the bankruptcy judge's determination. *Id.*

IT IS BY THE COURT THEREFORE ORDERED that the October 29, 1984, order of the bankruptcy court is hereby AFFIRMED.