PER CURIAM.
The appellant (husband), appeals a final judgment of dissolution awarding the husband’s interest in the marital home to the appellee (wife). We reverse and remand.
The trial court awarded the wife the husband’s interest in the marital home to compensate her for money she had loaned the husband during the marriage. Although the final judgment stated the award of the husband’s interest in the home was given pursuant to an equitable distribution of the property, it is apparent from the record that the award was intended as lump-sum alimony.
The well-established rule in Florida is that lump-sum alimony cannot be used as a vehicle in which to obtain repayment of money advanced by one spouse to another. Emery v. Emery, 434 So.2d 35 (Fla. 5th DCA 1983); Rey v. Rey, 279 So.2d 360 (Fla. 4th DCA 1973), dismissed, 291 So.2d 5 (Fla.1974); Black v. Black, 247 So.2d 775 (Fla. 3d DCA 1971); Spears v. Spears, 148 So.2d 564 (Fla. 1st DCA 1963). The trial court therefore erred in awarding the wife the husband’s interest in the marital home on such ground.
Accordingly, the portion of the final judgment appealed from is reversed and remanded. Upon remand the trial court is free, consistent with this opinion, to revisit the issues of child support, alimony, and of equitable distribution of property.