THE SUMNER LUMBER COMPANY, A CORPORATION, *Plaintiff in Error,* v. G. W. DEEN AND J. M. BELL AS COPARTNERS, *Defendants in Error.*

Opinion Filed Feb. 11, 1913.

An affidavit in attachment which states that the defendant is indebted to the plaintiff in a named sum, and "that the same is an actual and existing debt or demand," is not fatally defective, and may be amended.

Writ of error to the Circuit Court for Marion County.

Judgment reversed.

*Hocker* & *Duval,* for Plaintiff in Error;

*Davis* & *Martin,* for Defendants in Error.

WHITFIELD, J.—This action was begun by attachment issued and levied under the statute. The following is the substances of the affidavit on which the attachment was issued:

"Before the subscriber, a notary public, personally came T. E. Williams, who being duly sworn, says: That he is the president of Sumner Lumber Company, the above named plaintiff; that the defendants, George W. Deen and J. M. Bell, as copartners under the style and firm name of Deen & Bell ,are indebted to the Sumner Lumber Company in the sum of $9,984.00; that the same is an actual and existing debt or demand; and that the defendants reside and each of them resides beyond the limits of the State of Florida; and that affiant expects to recover a judgment against the said defendants in the sum of, to-wit, $9,984.00."

A motion to dissolve the attachment on the following grounds was made:

"1. The affidavit of T. E. Williams upon which said writ of Attachment was based does not allege that the person making said affidavit had reason to believe in the existence of one or more of the specified grounds for attachment enumerated in section 2102 of the General Statutes of Florida.

2. The said attachment affidavit does not state that the debt sued on is actually due as required by law.

3. It appears by the said affidavit that this suit is for recovery of a debt or demand not actually due and no ground for attachment on such cause of action is alleged.

4. The plaintiff did not produce before the officer granting the attachment herein, proof of the existence of any one or more of the special grounds for attachment named in section 2102, General Statutes of Florida.

5. The non-residence of defendants is no ground for attachment on a debt or demand not actually due, and no allegation that the debt herein sued on is actually due is in the record."

Plaintiff filed a proffered amendment and moved "the court for leave to amend the affidavit in the above styled cause, said affidavit having been made on the 27th day of April, 1912, by adding thereto, after the words, 'debt or demand,' the words 'and that the same is actually due, and affiant has reason to believe that the defendants are, and each of them is ,a resident of another State than Florida, and that each of them resides beyond the limits of the State of Florida,' and for permission for L. W. Duval, one of the attorneys of record in the said cause for the plaintiff to swear to the affidavit as amended."

The attachment was dissolved by the court on the ground that the affidavit being defective it was without jurisdiction. Plaintiff filed a declaration. The defendants moved to dismiss the cause:

"1. Because the attachment by which this suit was commenced was dissolved on motion before appearance to the action.

2. Because the court is without jurisdiction of the persons of these defendants.

3. Because the attachment proceedings in said cause

are void in that same were based upon an affidavit which alleged no ground for attachment under the circumstances stated in such affidavit.

4.    Because no valid process has been issued or served on these defendants or either of them in this cause."

The court denied a motion for default judgment and dismissed the cause.   Plaintiff took writ of error.

The affidavit upon which the writ of attachment was issued does not specifically allege that the debt "is actually due," but it is alleged that the defendants "are indebted" to the plaintiff in a stated sum, and this at least carries an implication that the debt or demand was actually due where there is nothing to indicate that the debt or demand is not "actually due." Certainly the affidavit is sufficient to give the court jurisdiction of the subject matter, and under section 2127 of the General Statutes, enacted since the decision in Tanner & Delaney Engine Co. v. Hall, 22 Fla. 391, to correct the strict rule there announced, the court should have permitted the amendment that was filed to become a part of the affidavit, not for the purpose of giving jurisdiction, for that had been acquired, but for the purpose of making the affidavit which is regarded as a pleading more clear and definite in its allegations.   The manifest purpose of the amendment as filed and afterwards rejected by the court was not to allege an indebtedness that had only then become actually due, but to supplement and make definite the allegation of an indebtedness actually due when the affidavit was originally filed.

As the original affidavit was not fatally defective, the court had jurisdiction of the subject matter and the dissolution of the attachment was erroneous.   For the same reason the court erred in dismissing the cause.

The attachment proceedings gave the court jurisdic-

tion of the property, and the defendants are before the court to protect their rights in the property. See Davis v. Cleveland, C. C. & St. L. Ry. Co., 217 U. S. 157, Sup. Ct. Rep., 18 Ann. Cas. 907.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., takes no part.