JOHN L. COMI v. M & M CORPORATION, *et al.*

4 So. (2nd) 389
Division A
Opinion Filed November 4, 1941
Rehearing Denied November 18, 1941

*John G. Simms*, for Appellant;

*A. C. Franks*, for Appellees, M & M Corporation, Mills Rock Company, a Corporation, Murphy & Mills Corporation; *E. B. Mills*, and *F. G. Murphy* and *Douglas D. Reed*, for Appellee Security First Mortgage Company.

ADAMS, J.—This appeal is from a final decree in equity holding valid a tax deed.

The only question is one of law, whether the property is sufficiently described. The description is:

"NW¼ of SW¼, less E½—SE¼—NW¼—SW¼ in Section 35, Township 52 South, Range 41 East, in the County of Dade, State of Florida."

It has been held by this Court:

"Greater Strictness is required of the description of the land contained in a tax deed than in voluntary deeds." Jarrell v. McRainey, 65 Fla. 149, 61 Sou. 241.

"It is well settled in this jurisdiction that the description of property in a tax deed must be certain in itself or at least capable of being made certain by matters referred to in the deed itself as relating to the description, and evidence aliunde not referred to in the deed cannot be used to ascertain the land intended to be conveyed." Newson v. Belle Mead Dev. Corp., ct al., 131 Fla. 143, 179 So. 160."

Much liberality is indulged in favor of descriptions with the view of upholding deeds and giving effect to the manifest intent of the parties. 8 R.C.L. 1071. Mere clerical errors will not vitiate a deed where the intent of the parties can be ascertained. 26 C.J. 221. The purpose of a description is to afford the means to identify the land conveyed. The language, numerals and abbreviations in the description should be construed with the view of making the conveyance effectual.

In this case we hold the grant was for the NW¼ of the SW¼ of said section containing 40 acres less five acres. This holding is based upon our interpretation of the dash (—), as *of,* instead of *and.* We reach this conclusion because to do so will effectuate the conveyance. Any other interpretation would render the description wholly meaningless and nugatory. It will be observed that both the land granted as well as the excepted portion are contained in the same section, township and range.

Finding no error in the record and decree, the same is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.