ELIZABETH BYERS PARSONS, v. TUNIS WALDON PARSONS, JR.

17 So. (2nd) 223                                    January Term, 1944
March 17, 1944                                         Division A

*Marks, Marks, Holt, Gray & Yates,* for appellant.
*Evan T. Evans,* for appellee.

TERRELL, J.:

Appellant filed her bill of complaint praying to be divorced from appellee on the ground of extreme cruelty and frequent indulgence in a violent and ungovernable temper. She also prayed for custody of their three minor children, an allowance for their support, temporary and permanent alimony, attorneys' fees and costs, and to be allowed an equitable interest in their home, title to which was in defendant.

Defendant countered with a cross bill wherein he charged complainant with adultery and prayed that he be granted a divorce from her and custody of their children. On final hearing upon exceptions to the master's report the chancellor dismissed the bill and the cross bill, awarded the custody of

the children to complainant with the right of visitation by the defendant on designated hours of each Monday and Thursday and every other Sunday, prohibited their removal from his jurisdiction and required the defendant to contribute $85.00 per month for their support and to pay attorneys' fees and costs. This appeal is from the final decree.

On the record this case presents one of the tragedies in marital relations that are too often reaching this Court. When two spouses separate because of temperamental differences that are not more than skin deep they will usually heal by "pouting" through a cooling off period. In such cases it is well for the chancellor to go slow and give them a chance to "soften up" before granting a divorce but when marital differences arise from bankrupt domesticity or from a wide gap in cultural and moral background that will not bridge or when mutual respect and confidence have gone haywire and one spouse becomes so emotionally unbalanced as to charge the other with infidelity and with communicating a filthy social disease to their three year old child no amount of "pouting" will heal a bruise like this. In such a case there is no common ground on which their differences will fuse, it is best that they be separated and if grounds for divorce are proven the prayer should be granted. Snotty conduct on the part of the husband may be the essence of extreme cruelty and if persistent acts of the wife in defense of it should not bar her claim for divorce.

We are not prepared to say that either party in this case is free from fault but the evidence shows that complainant established every allegation of her bill in so far as it seeks a divorce. It also shows that defendant failed completely to establish the allegations of his cross bill. It further shows that the defendant is emotionally unstable and that his acts of extreme cruelty were not inflicted manually but that they consisted in shadowing her with spies and in charging his wife with infidelity which he failed to show. We think the record also shows that the parties had reached the point that the bruise inflicted was fatal to the family tie, that the marital state was intolerable and that no purpose could be served by keeping them technically tied together.

We are also of the view that complainant should have been awarded an equity in the home. The record shows that she contributed $1,000.00 to the purchase of the lot on which the home was erected and that from time to time she contributed $3,000.00 to the family support, all of which came through her father. The home was a modest cottage at Neptune Beach and was shown to have been acquired very largely through means furnished by appellant.

The judgment is therefore reversed with directions to the chancellor to grant the complainant a divorce from defendant and to award her an equity to the extent of one-half interest in the home. In all other respects the judgment is affirmed.

Affirmed in part, reversed in part.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.