### PELKEY v. PELKEY.
No. 62-1939-E.

Circuit Court, Duval County.

September 21, 1962.

Carl G. Swanson, Jacksonville, for plaintiff.

Joseph C. Black, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

The final hearing in this cause was held May 22, 1962, at the conclusion of which this court announced in the record its findings of fact under the mistaken belief that both parties had prayed for a decree of divorce. Upon the conclusion of its findings, however, the court's attention was called to the fact that the defendant-wife had prayed only for a decree of separate maintenance and does not want a divorce.

Counsel for plaintiff contends that the evidence clearly shows that ". . . the parties had reached the point that the bruise inflicted was fatal to the family tie, that the marital state was intolerable and that no purpose could be served by keeping them technically tied together."

The court agrees with this conclusion (quoted from the opinion of the Supreme Court of Florida in the case of Parsons v. Parsons, 17 So.2d 223) but the evidence shows that the dominant wrongdoer in the fracture of this marriage was the plaintiff and that the defendant, who is the more innocent party, has not prayed for a divorce.

How then can this court impose on defendant a divorce under §65.04, F.S., when the relief sought is confined to the provisions of §65.09, F.S.?

Despite the broad general powers of a court of equity, and the maxims that apply to persons who invoke the jurisdiction of a court of equity, this court has not been cited a single authority from any jurisdiction that supports the proposition that in a proceeding in equity, authorized by statute, the chancellor can impose upon either party, seeking specific relief under a specific statute, relief provided and authorized under a different statute, particularly where, as here, such different statute would dissolve marital ties which the wronged party seeks to preserve.

The legislature, in its wisdom, has prescribed the public policy of this state in this area and has not seen fit to leave to the discre-

tion of a court of equity the power to impose on a party seeking separate maintenance an absolute divorce where such a decree seems to the court to be the best solution and in keeping with the best interest of all concerned and the peace and tranquility of the public generally.

Regardless of the fact that this court is convinced that this case has a close affinity to the above cited case of Parsons v. Parsons, this court is without any authority under law to dissolve this marriage and to attempt to do so would be an unwarranted invasion of the area in which the legislature alone can act. While the decree now to be entered conforms to the requirements of law, it does not afford the relief which the facts warrant in this case. Grave considerations of public policy are involved and it is not for this court to say whether the full relief needed here justifies a further relaxing of the circumstances under which the contract of marriage may be dissolved.

Accordingly, it is ordered, adjudged and decreed as follows —

That the relief sought by plaintiff in his complaint should be and the same is hereby denied.

That defendant's prayer for a final decree of separate maintenance should be, and the same is, hereby granted.

That plaintiff, William M. Pelkey, shall pay to the defendant, Mary E. Pelkey, the sum of $60 each week beginning Friday, September 28, 1962, and continuing on each and every Friday thereafter until further order of this court, which said sum shall represent child support at the rate of $15 weekly for each of the three minor children of the parties, plus permanent alimony for defendant at the rate of $15 per week.

That said sums shall be paid weekly to and through the domestic relations depository of this court at room 105, Duval County Court House, Jacksonville, and shall include the 1% collection charge; and said payments shall be made on the day due, but in no event no later than the next working day thereafter.

That in addition, plaintiff shall pay to Joseph C. Black, Esq., attorney for defendant, a total fee of $225 of which $75 shall be paid forthwith, if not already paid, and the balance shall be paid at the rate of $10 per week.

That plaintiff shall pay all costs of this proceeding but this court will not require that the testimony be written up.