183 So.2d 878 (1966)
Florence S. ONCAY, Appellant,
v.
Frank ONCAY, Jr., Appellee.
No. 65-633.
District Court of Appeal of Florida. Third District.
March 15, 1966.
Rehearing Denied March 29, 1966.
*879 Sanford M. Swerdlin, Miami, for appellant.
Irene Redstone, Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
Plaintiff-wife filed an amended complaint praying to be divorced from the defendant on the ground of extreme cruelty. The basic allegations were that the defendant-husband constantly accused her of infidelity and physically abused her during their marital relationship. On final hearing the chancellor dismissed the cause and required the husband to pay attorney's fees and costs.
The wife contends that the chancellor erred in denying her prayer for divorce where the evidence sustains the allegation that her husband accused her of infidelity.
The chancellor found that although the evidence did not present sufficient facts to show that the wife was guilty of any infidelity, she was at fault in creating circumstances from which a man could reasonably make such accusations.
There are circumstances in which false and unfounded accusations of infidelity may constitute extreme cruelty.[1] It follows that accusations of infidelity may *880 be false yet not constitute cruelty if the person accused has provoked them by her own conduct giving reasonable foundation for a belief in the truth of the accusations.
Whether or not the accusations are justified is a question of fact to be determined by the chancellor.
It is unnecessary to relate the facts and circumstances upon which the chancellor based his decision. It is our opinion that the chancellor's findings are supported and corroborated by competent evidence of record, and that he did not err in denying the divorce.
The wife further contends that the chancellor abused his discretion in awarding inadequate attorney's fees and costs.
The chancellor awarded the wife the sum of $700.00 as attorney's fees and $70.15 as costs. There was testimony of two expert witnesses to the effect that reasonable fees would be from $2,400.00 to $5,000.00. While this testimony is persuasive, it is not binding upon the chancellor or this court.[2] The amount of attorney's fees to be awarded is a matter largely within the sound judicial discretion of the chancellor, and his determination will not be disturbed unless found to be grossly inadequate.[3]
Taking into consideration the findings of the court, the services rendered and the financial ability of the parties to respond, we find that the award of attorney's fees is not grossly inadequate.
The chancellor did not indicate how he determined that the sum of $70.15 should be awarded as costs. The wife had listed costs in the amount of $420.44. The greater portion of these costs pertained to expert witness fees which the chancellor, during the trial, considered unnecessary. In addition, there were amounts listed for a deposition which was not used at trial and a record search necessitated by the wife's inability to recall that she had previously instituted divorce proceedings. Although it would be helpful to this court if the chancellor had indicated how he reached the sum awarded, we believe it would serve no useful purpose to remand the cause for that reason. It was within the chancellor's discretion to deny most of the items listed as costs. As no abuse of the chancellor's discretion is shown, we have concluded that the amount awarded as costs is correct.
The wife further contends that the chancellor erred in refusing to disqualify himself for bias and prejudice. A motion for disqualification under § 38.10, Fla. Stat., F.S.A. was filed by the wife without supporting affidavits. The motion, which was filed after the final order, was denied because it did not meet the substantial requirements of § 38.10, supra. The chancellor was correct in denying the motion as it was untimely and did not comply with the applicable statute.
We have thoroughly examined all of the points on appeal and find them to be without merit.
Accordingly, the order appealed from is affirmed.
Affirmed.
NOTES
[1] Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223 (1944); Wetherington v. Wetherington, 57 Fla. 551, 49 So. 549 (1909).
[2] Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206; Baruch v. Giblin, 122 Fla. 59, 164 So. 831 (1936).
[3] Chaachou v. Chaachou, supra, note 2; Longino v. Longino, Fla. 1953, 67 So.2d 203; Raley v. Raley, Fla. 1951, 50 So.2d 870; Baker v. Baker, 94 Fla. 1001, 114 So. 661 (1927).