PER CURIAM.
The appellant, husband, filed a complaint for divorce and the appellee, wife, counterclaimed for alimony and child support unconnected with divorce pursuant to § 65.09, Fla.Stat., F.S.A. The final decree denied the husband’s prayer for divorce and granted the wife relief pursuant to the statute. On this appeal the husband urges error upon the failure of the Court to grant him a decree of divorce and urges that the amount allowed as child support is excessive.
 The chancellor denied plaintiff’s complaint for divorce upon a finding that “the allegations therein were neither proved nor corroborated.” A review of the testimony before the chancellor confirms the finding that plaintiff’s allegations of extreme cruelty were not corroborated. While we might differ from the chancellor in his conclusions that the testimony of the appellant did not establish a prima facie case, the law amply supports the refusal to grant a decree of divorce upon the uncorroborated testimony of the plaintiff. See Martin v. Martin, Fla.App. 1958, 102 So.2d 837, 839.
A portion of appellant’s brief is devoted to the proposition that the law supports a decree of divorce between the parties where reconciliation is impossible. He relies upon Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223 (1944); and Chesnut v. Chesnut, 160 Fla. 83, 33 So.2d 730 (1948). The cases cited are inapplicable to the instant situation inasmuch as the record supports the chancellor’s conclusion that the plaintiff failed to establish a statutory ground for divorce.
No error has been demonstrated in the amount of the child support granted by the decree.
Affirmed.