202 So.2d 822 (1967)
Gaynell V. SHARPE, Appellant,
v.
Victor V. SHARPE, Jr., Appellee.
No. 7478.
District Court of Appeal of Florida, Second District.
August 30, 1967.
Rehearing Denied October 19, 1967.
*823 Sam Bucklew, of Bucklew, Ramsey & Stichter, Tampa, for appellant.
John Germany, of Knight, Jones, Whitaker & Germany, Tampa, for appellee.
SILVERTOOTH, LYNN N., Associate Judge.
The Appellant seeks reversal of a part of a Final Decree entered by the Court, in which Decree the Appellant, as Plaintiff below, was awarded a decree of divorce from Appellee.
The Final Decree stated, among other things, that Plaintiff, below, was entitled to a divorce, that she be awarded custody of the children, and that Defendant, below, be required to pay $300.00 per month as alimony, and $175.00 per month child support.
During the marriage in August of 1959, a grove was purchased by the parties, and by Warren and Mary Ellen Randell; the purchase price was $15,543.38, and the Plaintiff below paid out $6,880.00 on the purchase from funds the husband had no interest in, in fact trust funds held for her children from a previous marriage. The grove was subsequently sold for $45,000.00, from which the Defendant husband received one-half the proceeds, and the Plaintiff wife received nothing.
The testimony shows that the Defendant testified that the proceeds of the sale were used to pay household bills and expenses. It should be pointed out that the husband paid nothing he was not otherwise obligated to pay.
The law is that where a wife advances money to the husband for his use, the wife has a special equity, or the transaction may be construed a loan between the parties. Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223; Dupree v. Dupree, 156 Fla. 455, 23 So.2d 554; Markland v. Markland, 155 Fla. 629, 21 So.2d 145.
In either event, the Court below should have awarded the Plaintiff below, the sum of $6,880.00, which she advanced, plus interest at the rate of 6% a year, from the date of her advance of the monies.
The law is equally clear that whether alimony should be awarded and, if so, the amount of it rests within the sound judicial discretion of the Chancellor, and his determination will not be disturbed in the absence of a clear abuse of discretion, which has not been shown here.
There is no showing in the record of any error in the granting or the amount of child support allowed below.
The cause is remanded, with directions to the Chancellor to:
1. Find a special equity or loan in favor of the wife to the extent of $6,880.00, plus interest, from the date of the advancement.
2. Since the Chancellor in his decree stated he had taken this advancement into consideration in determining alimony, the Chancellor should at the same time reconsider the amount of alimony if he feels that equity and justice so demand.
Affirmed in part and reversed in part, with directions.
PIERCE, Acting C.J., and HOBSON, J., concur.