WHITE, JOSEPH S., Associate Judge.
Plaintiff in the trial court appeals a final judgment rendered for defendant, the suit being upon a promissory note executed by defendant to plaintif-f at a time when they were husband and wife. The parties were divorced later, and sometime following entry of the divorce decree plaintiff brought suit upon the note.
The case went to trial before the court without a jury. Defendant interposed these separate defenses: 1. Statute of Limitations ; 2. Discharge of the note by virtue of a property settlement agreement incorporated in the divorce decree; 3. Accord and satisfaction; 4. Lack of consideration.
The court made a specific finding in the judgment that plaintiff’s claim was discharged by virtue of the property settlement agreement. Nothing was said by the court regarding any other defense.
Appellant now argues that the reason thus given by the trial court as a basis for the judgment is an insufficient one and that therefore the judgment should be reversed. In this position appellant has neglected to take into account the rule that a judgment will be affirmed, notwithstanding insufficiency in any particular finding, if, upon the entire record — pleadings and evidence — there is any theory under which the judgment can be' supported. See Cohen v. Mohawk, Inc., Fla.1962, 137 So.2d 222; Oper v. Air Control Products, Inc., Fla.App.1965, 174 So.2d 561; Smith v. Bettinghaus, Fla.App.1965, 178 So.2d 201; Best Concrete Corporation v. Oswalt Engineering Service Corporation, Fla.App. 1966, 188 So.2d 587.
The record reveals substantial evidence supporting other defenses, or at least one of .them, upon which the judgment might have been entered and, hence, the judgment must be affirmed.
Affirmed.
McCAIN and REED, JJ., concur.