REED, Judge.
This is an appeal from a final judgment in a suit for separate maintenance. The appellant, Gertrude B. Campbell, was the plaintiff below. She filed her complaint in the Circuit Court for Brevard County, Florida, on 7 January 1966 seeking alimony unconnected with divorce under Section 65.09, F.S.1965 (now Section 61.09, F.S. 1967), F.S.A. The defendant and appellee here is her husband, Roy D. Campbell.
During the pendency of the suit the parties entered into an agreement entitled “Stipulation and Property Settlement Agreement”. It bore the date 2 June 1966 and was filed in the proceedings on 17 June 1966. Thereafter, on the basis of evidence produced at the final hearing, the trial court on 21 December 1967 entered its final judgment which found that the plaintiff had proved a cause of action for divorce and was entitled to alimony unconnected with divorce. In the final judgment, the trial court stated that it considered the stipulation and property settlement agreement as evidence relating to the need of the wife for alimony. The judgment awarded the wife $85.00 per month alimony and $500 for attorney’s fees.
The plaintiff assigns as error the award of alimony and attorney’s fees claiming that it is insufficient in amount. The defendant by cross-assignment of error contests the award of alimony, claiming that the property settlement agreement bars the wife’s right to alimony.
There are three questions presented by this appeal. They are (1) did the chancellor abuse his discretion by awarding $85.00 per month alimony; (2) did the chancellor abuse his discretion by awarding only $500.00 as an attorney’s fee for the plaintiff’s attorney; and (3) did the property settlement agreement bar the plaintiff’s right to alimony.
With respect to the amount of alimony, the determination should be based upon the necessities of the wife and the *922 ability of the husband to pay. Collins v. Collins, 1943, 153 Fla. 10, 13 So.2d 445; Welsh v. Welsh, 1948, 160 Fla. 380, 35 So.2d 6; Kahn v. Kahn, Fla.1955, 78 So.2d 367. Without belaboring the point, it appears to us that the chancellor considered all the evidence and properly applied the aforementioned principle thereto. For this reason, it is our conclusion that the plaintiff has not demonstrated from the record any abuse of discretion in the award of alimony.
In support of her claim for attorney’s fees, the plaintiff adduced the testimony of one attorney who expressed an opinion that the value of the services rendered to the plaintiff by her attorney was $5,000.00. Such expert testimony is persuasive, but not binding on the chancellor. In determining the amount to be awarded as an attorney’s fee, the financial ability of the husband may also be taken into consideration. Oncay v. Oncay, Fla.App.1966, 183 So.2d 878 and Chaachou v. Chaachou, Fla.1961, 135 So.2d 206. In view of the testimony in the record with respect to the limited ability of the defendant to pay, we cannot conclude that the trial court abused its discretion by limiting the amount of the fee to $500.00.
With regard to the final question, the stipulation and property settlement agreement contained a recital to the effect that its purpose was to provide for the division of the joint properties of the parties as well as for the support and maintenance of the plaintiff-wife. At no point, however, in the body of the agreement does it state that the property which the plaintiff was to receive under the agreement was to be received in lieu or as consideration for a waiver of her right to alimony. Agreements such as the one in question which are clear and unambiguous should not be given by construction a meaning which is not authorized by the language therein. Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403. To hold that the agreement in question constituted a bar to the plaintiff’s right to alimony would violate this rule. We, therefore, conclude that the trial court was eminently correct in the view which it took of the effect of the property settlement agreement.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.
McCAIN, J., concurs.
CROSS, J., concurs in conclusion.