256 So.2d 60 (1971)
Elizabeth CALLIGARICH, Appellant,
v.
Frank CALLIGARICH, Appellee.
No. 71-412.
District Court of Appeal of Florida, Fourth District.
December 15, 1971.
*61 Edmund B. Sigman, of Neale & Sigman, Melbourne, for appellant.
L.W. Barnard, Satellite Beach, for appellee.
WALDEN, Judge.
Plaintiff wife objects to the alimony and property settlement provisions contained in a divorce judgment.
That decree awarded plaintiff lump sum alimony in the sum of $3,600 to be paid $200 monthly for eighteen months. Defendant husband was found to have special equities in the marital domicile, owned as a tenancy by the entirety, and was awarded its complete ownership. We feel that neither of these determinations were supported by the facts or law. We reverse them.
The extracted salient facts reveal that plaintiff is sixty-one years old and permanently disabled. Her sole income of less than $100 monthly is derived from Social Security disability payments. Defendant is seventy-one years old, retired, and draws $832 monthly in pension payments, plus free medical care and commissary privileges. The marriage endured sixteen years.
It is our opinion that, due to plaintiff's health, age, lack of assets and income, it is highly unlikely she will be able to support herself in eighteen months. Lump sum alimony is justified only where it serves a reasonable purpose, such as rehabilitation, or where the marriage's duration or the parties' financial position would make such an award advantageous to both. The wife's need and the husband's ability are still the correct equation to follow. See 10 Fla.Jur., Divorce, § 161; Schultz v. Schultz, Fla.App. 1967, 197 So.2d 310, and Arrington v. Arrington, Fla.App. 1963, 150 So.2d 473. We therefore conclude that plaintiff's alimony should be made permanent, subject, of course, to possible modification in the event of a legally sufficient change in the circumstances of the parties.
Defendant husband was also awarded the marital domicile based on his alleged special equities therein. The marital domicile had been purchased using the proceeds from the sale of the couple's Virginia home, which had been transferred to an estate by the entireties by defendant shortly after the 1954 marriage. An ordinary conveyance to the entireties of one spouse's property is presumed a gift. Such a presumption is not easily overcome. The *62 case at hand offers no facts to support this presumption's rebuttal. See Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825.
We, therefore, reverse the order herein appealed and remand with instructions to change the lump sum alimony to permanent alimony in the amount of $200.00 per month and to place title of the former marital domicile in both parties' names, as tenants in common, as provided by F.S. 1969, section 689.15, F.S.A.
Reversed and remanded, with instructions.
REED, C.J., and OWEN, J., concur.