267 So.2d 21 (1972)
Peggy Yvonne McREE, Appellant,
v.
Robert Wade McREE, Appellee.
No. 71-781.
District Court of Appeal of Florida, Fourth District.
August 3, 1972.
David U. Strawn, of Strawn, Saxon & Richardson, Melbourne, for appellant.
G.W. Hedman, of Hedman & Lawrence, Melbourne, for appellee.
REED, Chief Judge.
The issue on appeal is the propriety of an award of alimony in a final judgment of divorce rendered by the Circuit Court of Brevard County, Florida, on 9 August 1971. The final judgment awarded the plaintiff lump sum alimony in the amount of $1,200.00 payable at the rate of $100.00 per month and $600.00 per month for child support. It required the defendant to pay all major medical expenses for the children and gave plaintiff a $2,000.00 special equity in the defendant's share of the proceeds from the sale of a jointly held residence.
The plaintiff, appellant here, is a thirty-four-year-old mother of two children who were ages five and seven years at the time of the final hearing in August of 1971. Her former husband, the defendant below, is a dentist. He testified to a gross income of about $22,800.00 for the year preceding the final hearing. In addition, his earnings generated contributions of about $4,100.00 to a pension and profit sharing plan *22 administered by his professional association. The plaintiff testified that she needed $1,100.00 per month to support herself and the two children, but admitted that she had been living on approximately $600.00 per month during the year of separation that preceded the final hearing. Her standard of living during this time was diminished from that enjoyed by the family before the separation. The plaintiff is a high school graduate with one year of college training in commercial courses. She worked approximately six years subsequent to her 1958 marriage to the defendant, but has not worked on a regular basis since June of 1964.
The criteria for alimony are the need of the wife and the husband's ability to pay. Calligarich v. Calligarich, Fla.App. 1971, 256 So.2d 60. Obviously this formula does not necessarily compel an award which maintains the pre-divorce standard of living for the wife. The wife's age and potential for employment are relevant factors which may be considered in assessing her need for alimony. McGarry v. McGarry, Fla.App. 1971, 247 So.2d 13. Lump sum alimony may be awarded to the wife instead of permanent periodic alimony where a lump sum award is justified for rehabilitative purposes. Calligarich v. Calligarich, supra. A lump sum award may be used, in other words, to tide the wife over until she can convert an earning potential into actual earnings. The trial court obviously recognized these principles and the record reflects no error in their application to the facts of the case. The award of alimony is, therefore, affirmed both as to the amount and form.
We note, however, that the subsequent operation of the final decree may eventually impose a real hardship on the wife because the decree contains no reservation of jurisdiction for the purpose of considering periodic alimony. It appears to us that the trial court based its limited award of alimony on the assumption that the wife would become a wage earner within a reasonable time after the dissolution of the marriage. While this was a reasonable assumption and the award in our opinion completely proper, we hold that under the facts of this case, the trial court should have reserved jurisdiction for the purpose of considering a future award of periodic alimony after termination of the payment of the lump sum award. See Reed v. Reed, Fla.App. 1971, 244 So.2d 449; Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825, 832; Langston v. Langston, Fla. App. 1972, 257 So.2d 625. We are particularly led to this conclusion by the age of the children involved, the plaintiff's long period of retirement from the job market, the defendant's earning ability, and the rising cost of living as to which we take judicial notice.
The final judgment is amended to include a reservation of jurisdiction in the trial court to consider a future award of periodic alimony upon proper showing and as thus modified the final judgment is affirmed.
Affirmed as modified.
OWEN, J., concurs.
CROSS, J., dissents, without opinion.