271 So.2d 796 (1973)
Felix F. BAKER, Appellant,
v.
Jeanne M. BAKER, Appellee.
No. 72-490.
District Court of Appeal of Florida, Third District.
January 3, 1973.
Rehearing Denied February 5, 1973.
*797 William J. Pruitt, Miami, for appellant.
Lester & Oppenheimer and Gary F. Canner, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant, Felix F. Baker, seeks review of that portion of a final judgment of dissolution of marriage which held that defendant-appellee, Jeanne M. Baker, had a special equity in eight parcels of real property formerly held in the name of appellee and/or in the joint name of appellant and appellee.
The parties had been married for eleven years and had purchased their marital home as tenants in common before the husband filed this action for dissolution, which was later amended to comply with the no fault divorce act effective July, 1971. Appellee wife filed a counterclaim in which she also sought divorce, reasonable attorney's fees, alimony and a special equity in eight parcels of real property held in the name of both parties. It was alleged by the wife that the property in question was brought into the marriage exclusively by the wife and that title was taken in both the husband's and wife's names as a matter of convenience. The evidence adduced at final hearing supported the wife's contentions regarding the real property. Subsequently the court below in its final judgment of dissolution of marriage described the parcels of property in which the wife claimed a special equity by their street addresses and held that this was sole property of the wife and ordered the husband to execute deeds which would convey all his right, title and interest in the property to the wife.
The court below properly disposed of the subject properties as an incident to the divorce because the parties filed appropriate pleadings which gave the chancellor the authority to divide the property. Harder v. Harder, Fla.App. 1972, 264 So.2d 476; Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489; Steinhauer v. Steinhauer, Fla. App. 1971, 252 So.2d 825; Massey v. Massey, Fla.App. 1968, 205 So.2d 1.
The question of principal importance now before this court is whether the properties in which the court found a special equity reposing in the wife could be disposed of because no legal description of such properties was found in the pleadings or in the lower court's decree. A street address description of the subject properties can be found in the record on appeal and we hold that these descriptions were sufficient for the court to knowledgeably adjudicate a special equity in these properties in favor of the wife.
The necessity for a description of property is manifested in the need to locate and know without difficulty what specific property is under consideration. An effective conveyance of property needs a sufficient description of the property involved. A proper description is needed so that the parties can ascertain, locate and know what property is involved in specific transactions. Comi v. M & M Corporation, 148 *798 Fla. 422, 4 So.2d 389 (1941); Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943); Ansley v. Graham, 73 Fla. 388, 74 So. 505 (1917); Connelly v. Smith, Fla.App. 1957, 97 So.2d 865, cert. den. Fla., 101 So.2d 811.
In the case sub judice, the subject property was well known to both husband and wife and due to this familiarity no surprise or prejudice resulted from the use of the street address of each parcel of property as opposed to the more detailed legal description. The parties and the court could ascertain and locate the property under consideration without the use of a legal description, and this court is not disposed to eliminate the wife's special equity for a failure to provide a legal description. Rather than being concerned with the tricks and technicalities of the trade we are seeking to make a sincere effort to arrive at the truth. A lawsuit is no longer a game of chess in which the technique of the maneuver captures the prize.
While it is a better practice in the composition of pleadings and final judgments to use a legal description when identifying property in order to avoid confusion and possible future title problems under the particular facts of the instant case, no reversible error has resulted in the failure to use such a description. Appellant's remaining points on appeal have been reviewed and no reversible error having been shown, the judgment appealed is affirmed.
Affirmed.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent. The real property was not described in either the complaint or the counterclaim. I therefore do not think the chancellor was correct in determining a special equity therein, and I would reverse so much of his final judgment that divested the appellant of his interest in the real property.