MAGER, Judge
(dissenting):
With all due respect to this court and the trial court I must dissent from this court’s decision affirming that part of the final judgment directing that the interest possessed by one spouse in the marital dwelling be conveyed to the other spouse as “lump sum alimony”.
In the case sub judice the petitioner was awarded periodic alimony and child support; the respondent’s interest in the jointly owned marital dwelling as "lump sum alimony”; and a one-half interest in certain municipal bonds owned by the respondent as "additional lump sum alimony and as a special equity".
The basic nature and purpose of alimony is “to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor ability to be self-sustaining. . . .” Lefler v. Lefler, Fla.App. 1972, 264 So.2d 112. The established criteria for awarding alimony are one spouse’s reasonable needs and the other spouse’s ability to pay. 10A Fla.Jur. Dissolution of Marriage § 43.
An award of lump sum alimony should only be made in those instances where some special circumstances might require it or make it advisable, Calligarich v. Calligarich, Fla.App.1971, 256 So.2d 60, .i. e., lump sum alimony is justified where it serves a reasonable purpose such as rehabilitation, or where the financial position of the parties, or such circumstances as the duration of the marriage, or the fact that no children were born of the marriage, make this type of award advantageous to both parties. 10A Fla.Jur. Dissolution of Marriage § 67. See also McRee v. McRee, Fla.App.1972, 267 So.2d 21. The result of a lump sum award has been to discharge one spouse from liability to the other. Frishkorn v. Frishkorn, Fla.App.1969, 223 So.2d 380.
It is recognized that the trial court has the authority to award periodic alimony, lump sum alimony or both (F.S. Section 61.08, F.S.A.); and that an award of lump *40 sum alimony may consist of real or personal property. It is further recognized that the allowance of such awards and the amounts to be determined are matters resting within the sound discretion of the chancellor. However, when measuring the facts in the case sub judice by the aforementioned principles relating to the purpose of alimony and the criteria to be utilized in an award the conclusion is inescapable that the award of the marital domicile as lump sum alimony was an abuse of discretion.
The final judgment (and the record) do not suggest that the lump sum award was intended to serve a rehabilitative purpose; that the lump sum award was intended to discharge petitioner from further obligations; that the lump sum award was based upon a finding of a “special equity”;[1] that special circumstances existed justifying a lump sum award.
By eliminating that portion of the final judgment awarding respondent’s interest in the marital dwelling, the petitioner will still be left with an award of periodic alimony and child support and one-half interest in municipal bonds owned by the respondent as additional alimony or as a special equity. Moreover, petitioner may apply for and the trial court would be authorized in its discretion to grant petitioner the exclusive use and occupancy of the marital dwelling. 10A Fla.Jur., supra, sec. 70. The foregoing, when coupled with the trial court’s reservation of jurisdiction, would appear to adequately meet the needs of the petitioner in accordance with the evidence in the record.
In light of the foregoing it is my opinion that the trial court erred in awarding respondent’s interest in the marital dwelling to the petitioner; the disposition of jointly held marital dwelling should be determined by F.S. Section 689.15, F.S.A., which creates a tenancy in common. Accordingly, the final judgment should be modified and the cause remanded for further action.

. A lump sum award consisting of a spouse’s interest in the marital dwelling is generally based either upon the “alimony” theory or upon the “special equity” theory. Both of these theories involve different principles and criteria. In most cases the award, although having been characterized as “lump sum” alimony, has often been the result of the existence of a “special equity”. See Florida Family Law, 2d ed., 1972, The Florida Bar, Sec. 22.11. Here the award of respondent’s interest in the marital dwelling was specifically designated as “lump sum” alimony, the court having found that petitioner had established a special equity in municipal bonds owned by the respondent.