290 So.2d 110 (1974)
Norwood K. WALTON, Appellant,
v.
Bernice M. WALTON, Appellee.
No. 73-651.
District Court of Appeal of Florida, Third District.
February 26, 1974.
*111 Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
Milton M. Ferrell, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
By this appeal, we are called upon to review the correctness of a final judgment dissolving a marriage and making a distribution of jointly held real property.
The appellee-wife instituted the action and sought the award of the marital premises as lump sum alimony. The appellant-husband answered and filed a counterclaim, seeking a dissolution of the marriage and also for equitable division of their property. The matter came on for final hearing, both parties being in accord as to the dissolution of the marriage. The record is slight as to residence, as to grounds for the dissolution, and consisted primarily of evidence relative to the several parcels of real estate jointly owned. At the conclusion of the hearing, the trial judge dissolved the marriage, awarded to the wife the marital residence and surrounding properties as lump sum alimony, and awarded to the husband another residence owned by the parties, and directed each party to make the necessary conveyances to accomplish this distribution.
The husband appeals and contends that the trial court erred in awarding lump sum alimony because the record reflected that both parties had worked during the marriage and that, at the present time, the appellee-wife had a better prospect for future earnings than the husband, citing the following authorities to demonstrate error in the trial judge's ruling. Haddon v. Haddon, 36 Fla. 413, 18 So. 779; Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223; Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169; Boles v. Boles, Fla. 1952, 59 So.2d 871; Klaber v. Klaber, Fla.App. 1961, 133 So.2d 98; Spears v. Spears, Fla.App. 1963, 148 So.2d 564; Arrington v. Arrington, Fla.App. 1963, 150 So.2d 473; Zuidhof v. Zuidhof, Fla.App. 1971, 242 So.2d 739; Black v. Black, Fla.App. 1971, 247 So.2d 775; Calligarich v. Calligarich, Fla.App. 1971, 256 So.2d 60; McRee v. McRee, Fla.App. 1972, 267 So.2d 21; Belcher v. Belcher, Fla. 1972, 271 So.2d 7. Undoubtedly, these authorities stand for the principle advanced by the appellant and the award made by the trial judge could not stand as lump sum alimony, in view of the respective financial abilities of the parties and the recent trend in this regard since the "no fault" divorce law. Calligarich v. Calligarich, supra; McRee v. McRee, supra; Belcher v. Belcher, supra. However, it has long been established that a trial judge will be affirmed if he reached the correct decision even if for the wrong reason. Goodman v. Goodman, Fla.App. 1967, 204 So.2d 21; In Re Estate of Yohn, Fla. 1970, 238 So.2d 290; Firestone v. Firestone, Fla. 1972, 263 So.2d 223.
As indicated above, the appellant sought an equitable division of the property; *112 this issue was actually tried without objection before the trial court, each of the parties offering evidence as to the value of the respective parcels. And, under these circumstances, it appears that today a trial judge is authorized to make a division of real property even if held in an estate by the entireties, if such a division is sought by one of the parties and tried without objection. Butcher v. Butcher, Fla.App. 1970, 239 So.2d 855; Baker v. Baker, Fla. App. 1973, 271 So.2d 796. This was not always the rule. The earlier cases clearly indicate that a trial judge could not absent a special equity divide jointly held real property [Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Boles v. Boles, supra; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481], and that upon divorce the title to such property would be vested in the respective parties as tenants in common, per § 689.15, Fla. Stat. One of the early departures from this firm rule was that a chancellor could award the husband's interest in the jointly held marital home as lump sum alimony. Reid v. Reid, Fla. 1953, 68 So.2d 821; Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201; Bergh v. Bergh, supra; Harder v. Harder, Fla.App. 1972, 264 So.2d 476. The courts also recognized that the wife could secure the husband's interest in jointly held property by proving a special equity. Heath v. Heath, 103 Fla. 1071, 138 So. 796; Parsons v. Parsons, supra; Banfi v. Banfi, supra; Wollman v. Wollman, Fla. App. 1970, 235 So.2d 315. And, more recently, the decisions support a trial judge's division of property jointly held by the parties when a request is made in the pleadings and the issue is tried. Butcher v. Butcher, supra; Baker v. Baker, supra.[1]
In reality, what the appellant is complaining about in the instant appeal is not that the trial court attempted to divide the jointly held property but that he abused his discretion in the manner of the division. Examining the award of the respective parties, we fail to find any abuse of discretion on the part of the trial judge and the appellant, having first requested the trial court to make such a decision in his counterclaim, should not now be heard to complain that the trial court committed error in undertaking to do what the appellant requested. Dorman v. Dorman, 125 Fla. 280, 169 So.2d 867; Farr v. Farr, Fla.App. 1971, 249 So.2d 761.
Therefore, for the reasons above stated, we affirm the action of the trial judge in dividing the jointly held property at the request of the appellant, and find no abuse of discretion in the manner of division as ordered.
Affirmed.
NOTES
[1] We have not overlooked the recent opinion by the Supreme Court in Owen v. Owen, Fla. 1973, 284 So.2d 384. However, it does not appear from this opinion that either of the parties actually requested, in their pleadings, division of jointly held property; the matter was tried on the issue of special equity.