312 So.2d 733 (1975)
Carol Jean NIEMANN, Petitioner,
v.
Gary E. NIEMANN, Respondent.
No. 45622.
Supreme Court of Florida.
April 16, 1975.
Rehearing Denied June 13, 1975.
*734 Terrence J. Russell, Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for petitioner.
Edward A. Perse, Horton, Perse & Ginsberg, Miami, for respondent.
HARDING, Circuit Judge:
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Niemann v. Niemann, Fla.App., 294 So.2d 415), which allegedly conflicts with a decision of the District Court of Appeal, Third District (Walton v. Walton, Fla.App., 290 So.2d 110), on the same point of law. In the instant case the court below held:
"The court's authority to effect a change in the title to the property of the parties in a dissolution of marriage is restricted to an award of lump sum alimony, a determination of a special equity, a partition of the property, or a division based upon an agreement of the parties."
In Walton v. Walton, supra, the District Court of Appeal in its opinion said:
"... it appears that today a trial judge is authorized to make a division of real property even if held in an estate by the entireties, if such a division is sought by one of the parties and tried without objection." 290 So.2d at 112.
The court went on to say:
"In reality, what the appellant is complaining about in the instant appeal is not that the trial court attempted to divide the jointly held property but that he abused his discretion in the manner of the division."
Therefore, it appears that the statement made by the District Court in Walton regarding the authority of a court to effect a division of real property does not constitute the decision of the court.
We have to look at the decision, rather than a conflict in the opinion, to *735 find that we have jurisdiction. Gibson v. Maloney, 231 So.2d 823 (Fla. 1970).
After having considered this matter and having heard oral argument, we find no conflict of decisions and, therefore, the writ is discharged and the petition is dismissed.
ADKINS, C.J., concurs specially with opinion.
McCAIN, J., McCORD, District Judge, and RUDD, Circuit Judge, concur.
ADKINS, Chief Judge (concurring specially):
I concur with the majority that the decision sub judice does not conflict with Walton v. Walton, 290 So.2d 110 (Fla.App.3d 1974).
In the decision sub judice, Judge Downey stated:
"The court's authority to effect a change in the title to the property of the parties in a dissolution of marriage is restricted to an award of lump sum alimony, a determination of a special equity, a partition of the property, or a division based upon an agreement of the parties... .
"To justify partition one of the parties must plead a right thereto in accordance with Chapter 64, F.S. 1971, F.S.A. A prayer for a division of the property of the parties is insufficient." (294 So.2d at p. 416) (Emphasis supplied.)
In Walton v. Walton, supra, the Third District Court of Appeal held that a party, who requests the trial court to make an equitable division of jointly held property and fails to object at the trial to the court's making an equitable division of the property, should not be held to complain that the trial court committed error in undertaking to do what the party requested. Therein, the court said:
"[T]he appellant, having first requested the trial court to make such a decision in his counterclaim, should not now be heard to complain that the trial court committed error in undertaking to do what the appellant requested. [Cited authorities omitted.]" (290 So.2d at p. 112)
Even though the trial court has no authority to divide currently held property other than under the circumstances specified by Judge Downey in Niemann v. Niemann, a party who requests the trial court to divide jointly held property in situations other than that enumerated in the decision sub judice and fails to object at trial to the trial court's making an equitable division of the property is estopped to raise such as error on appeal.
Viewing the cases in such a light, I concur with the majority that this Court does not have jurisdiction based on a conflict of decisions.