SMITH, Judge.
The parties to this marriage dissolution proceeding stipulated to the entry of a final judgment by which the court dissolved their marriage of 27 years and “reserve [d] jurisdiction to enter Orders as regards the equities of the parties in real estate” and other matters which the parties requested be considered after entry of the final judgment. Thereafter the parties developed evidence before a special master concerning their respective contributions to the jointly owned home property. The circuit judge then found a “special equity” of the wife in her husband’s interest in that home and ordered the husband to convey his interest to the wife. The husband appeals, asserting that the court had no jurisdiction concerning that property in the absence of a claim of “special equity” by the wife’s petition. Niemann v. Niemann, 294 So.2d 415 (Fla.App.4th, 1974), cert. disch. 312 So.2d 733 (Fla.1975).
The parties specifically submitted to the court, for resolution and disposition, their respective claims of equities in real estate within the court’s jurisdiction, of which there was none except the home property. Testimony before the special master revealed that the wife contributed the bulk of the funds used for a down payment on the home in 1952. She contributed substantially to installing air conditioning and re-roofing the home. Since leaving the home in 1969, the husband regularly made the monthly mortgage payment of $52 but *143 did not otherwise materially contribute to the support of his wife. There is evidence that, as part of a desired settlement of the economic issues 'between the parties, the husband sought monetary consideration from the wife for conveyance of his interest in the home property. In these circumstances, the court was authorized to exercise the powers which the parties invoked and to award the wife the home property. Walton v. Walton, 290 So.2d 110 (Fla.App. 3d, 1974).
Affirmed.
BOYER, C. J., and MILLS, J., concur.