374 So.2d 49 (1979)
Melinda KOKEN F/K/a Melinda K. Neubauer, Appellant,
v.
James NEUBAUER, Appellee.
No. 78-1812.
District Court of Appeal of Florida, Third District.
July 17, 1979.
Rehearing Denied September 6, 1979.
Gold & Fox and Myron M. Gold, Coral Gables, for appellant.
Stephen L. Raskin, Miami, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, petitioner/wife in the original dissolution of marriage proceedings below, brings this appeal from a post-decretal order entered by the trial court modifying visitation rights, support payments, and granting attorney's fees. We affirm in part and reverse in part.
Appellee, respondent/husband below, moved to modify the custody provisions of *50 the parties' divorce decree. After a hearing the trial court entered an order providing, among other things, that appellee was to have custody of the children from December 15 to January 15, and that they were to live with him during their summer vacation, except for the first and last two weeks of the vacation. Further, the trial court relieved appellee of child support payments during the period the children were living with him.
In our opinion, although we might have reached a different conclusion, the record reflects that the trial court properly exercised its discretion by ordering these custody provisions, and we cannot on appeal substitute our judgment for that of the trial court. See, e.g., Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Grant v. Corbitt, 95 So.2d 25 (Fla. 1957); Baker v. Baker, 360 So.2d 19 (Fla. 4th DCA 1978); and Scheiner v. Scheiner, 336 So.2d 406 (Fla. 3d DCA 1976). However, in regard to the change in the child support provisions, the record reflects that the trial court acted without the benefit of a proper motion, etc., before it upon which to make this modification. The action was a sua sponte one by the trial court, and, in our opinion, improper. See, e.g., Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); and Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). Further, we see no error in the amount of the attorney's fees awarded to appellant by the trial court. See, e.g., Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Campbell v. Campbell, 220 So.2d 920 (Fla. 4th DCA 1969); and Oncay v. Oncay, 183 So.2d 878 (Fla. 3d DCA 1966).
For the reasons set forth above, the portions of the order appealed in regard to the change in child custody provisions and attorney's fees are affirmed, and the portion of the order relieving appellee of child support payments while the children are in his custody is reversed.
Affirmed in part, and reversed in part.