RYDER, Judge.
Appellant Manuel Manousos appeals a portion of the final judgment of dissolution of marriage in which the trial court found he had proven a $3,000.00 “investment” in the marital home, but ruled he was not entitled to any special equity or ownership interest. Upon examination of the record, we hold the trial court did not abuse its discretion in evaluating the conflicting evidence and ruling that Mr. Manousos did not prove he was entitled to any special equity, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and his former wife did not intend to make a gift to him of one-half interest in the marital home, see Marsh v. Marsh, 419 So.2d 629, 630 (Fla.1982). We therefore affirm these rulings.
Nevertheless, that same examination of the record requires us to remand the case with directions to the court to amend the final judgment to include appropriate provisions requiring the former wife to remit to Mr. Manousos the $3,000.00 “investment.” The reason for this modification is that the trial court intended for the $3,000.00 amount to be recoverable as a loan, as admitted below by the former wife, and the *294 evidence adduced at the final hearing supports that intended result. Sharpe v. Sharpe, 202 So.2d 822, 823 (Fla. 2d DCA 1967). The written judgment, apparently drafted by the former wife’s trial counsel, neglected to require the repayment of the loan and must therefore be corrected. Furthermore, the trial court is also directed on remand to conduct additional proceedings to determine whether Mr. Manousos is entitled, pursuant to the intentions of the parties, to any interest on the loan, and if so, the rate, repayment schedule, and any ar-rearages due.
Accordingly, we AFFIRM the final judgment of dissolution, except as modified herein, and REMAND for proceedings consistent herewith.
OTT, C.J., and DANAHY, J., concur.