PER CURIAM.
This is a petition for a writ of certiorari seeking review of a trial court order compelling the husband Jose Marcos Braver-man to answer interrogatories and produce documents regarding his financial status in a support action, unconnected with dissolution, brought by the wife Mirit Wiener Braverman. We grant the petition and quash the order under review based on the following briefly stated legal analysis.
First, in the support action brought below under Section 61.09, Florida Statutes (1987), the wife seeks solely alimony and child support; no property distribution issues of any type are involved in this proceeding. It is therefore essential in this action that the wife establish that (1) she is in need of reasonable alimony and child support, and (2) the husband has the financial ability to pay for such alimony and child support. See, e.g., Naster v. Naster, *751 163 So.2d 264, 266 (Fla.1964); Campbell v. Campbell, 220 So.2d 920, 921-22 (Fla. 4th DCA 1969).
Second, the husband has filed a written stipulation below that he has the “financial ability to pay any reasonable amount of [alimony or child] support ordered in this action.” The wife is therefore relieved of her burden to establish the husband’s financial ability to pay for alimony and child support; her only burden is to show that she needs a reasonable alimony and child support award. Stated differently, the husband can no longer claim that he cannot afford to pay for any alimony and child support awards deemed reasonable by the court. This being so, it is clear that the husband’s financial status is no longer an issue in this case, and, accordingly, it was a clear abuse of discretion for the trial court to compel the husband to disclose information concerning his finances. See, e.g., Naster; Young v. Young, 456 So.2d 1282, 1284 (Fla.Sd DCA 1984); Palmar v. Palmar, 402 So.2d 20, 21 (Fla.3d DCA 1981); Powell v. Powell, 386 So.2d 1214 (Fla.3d DCA 1980); Alterman v. Alterman, 361 So.2d 773, 774 (Fla.Sd DCA 1978); Campbell.
Third, we have not overlooked the fact that the husband (a) initially contested his ability to pay, (b) filed a counterpetition for a constructive trust, (c) set up an affirmative defense of unclean hands, and (d) requested attorney’s fees — all of which placed the husband’s financial status at issue. The husband, however, has since abandoned all of these positions and pleadings in the trial court, and, consequently, none are before the court below for resolution.
Finally, we have also not overlooked the fact that the wife, subsequent to the filing of this certiorari petition, has been given permission to amend her support petition below and has filed such amendment in which she seeks to dissolve the marriage between the parties and requests various distributions of property. The husband, however, has filed a motion to dismiss this amendment to the complaint based on in personam jurisdictional grounds, and the trial court has not ruled on this motion. This being so, the action below remains a support action so long as the subject motion to dismiss remains pending. We agree, however, that if the motion to dismiss is denied and no stay is thereafter obtained in the event the husband chooses to appeal, the husband would then be required to disclose his financial status in the manner required by the trial court below. Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967); Parker v. Parker, 182 So.2d 498 (Fla.4th DCA 1966).
The petition for a writ of certiorari is granted and the order under review is quashed.
Certiorari granted; order quashed.