SCHWARTZ, Chief Judge.
In this proceeding for an upward modification of the child support provided by a final judgment of dissolution, the trial court ordered the father to file a financial affidavit notwithstanding that he stipulated to his ability to satisfy any increase in the child’s needs sought by the mother, if awarded by the court. This order plainly represents a departure from the essential requirements of the law as established in, among many other cases, Bravemnan v. Braverman, 549 So.2d 750 (Fla. 3d DCA 1989), and Young v. Young, 456 So.2d 1282 (Fla. 3d DCA 1984). Contrary to the trial judge’s view, the subsequent enactment of section 61.30(12), Florida Statutes (1989),[1] does not change the result. If arguendo the provision conflicts with Fla.R.Civ.P. 1.611(a),[2] as interpreted in these cases, it represents an invalid legislative intrusion into the procedural rule making authority of the supreme court. Haven Fed. Sav. & *807 Loan Ass’n v. Kirian, 579 So.2d 730 (Fla.1991); Cozine v. Tullo, 394 So.2d 115 (Fla.1981); Markert v. Johnston, 367 So.2d 1003 (Fla.1978). Accordingly, the order under review is quashed.
Certiorari granted.

. Section 61.30(12) provides as follows:
Every petition for child support or for modification of child support shall be accompanied by an affidavit which shows the party’s income, allowable deductions, and net income computed in accordance with this section. The affidavit shall be served at the same time that the petition is served. The respondent shall make an affidavit which shows the party’s income, allowable deductions, and net income computed in accordance with this section. The respondent shall include his affidavit with the answer to the petition.

. Rule 1.611(a) provides as follows:
DISSOLUTION OF MARRIAGE (DIVORCE)
(a) Financial Statement. Every application for temporary alimony, child support, attorney’s fees or suit money shall be accompanied by an affidavit specifying the party’s financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys’ fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed.