PATTERSON, Judge.
In this postdissolution proceeding, the former wife challenges orders entered upon her petition for modification of alimony and child support. We affirm in part and reverse in part.
The wife contends that the trial court erred in: (1) refusing to require the former husband to produce current information as to his finances; (2) denying an increase in alimony; (3) ordering an insufficient increase in child support; and (4) assessing *747 an inadequate amount of her attorney’s fees and costs against the husband.
In regard to point four, we affirm in part and reverse in part. On the issue of attorney’s fees, the court made the findings required by Rowe[1] and assessed against the husband the full amount of the fees which it found to be reasonably incurred. This determination does not constitute an abuse of discretion and we affirm on the issue of attorney’s fees. On the issue of costs, the trial court disallowed the expert witness fee of Joseph Tedder, a CPA testifying on the wife’s behalf. We determine that testimony to be relevant to the issues tried, and in consideration of the fact that the trial court assessed against the husband other relevant costs the wife incurred, we find it to be error not to have included in that assessment Mr. Tedder’s expert fees.
We now direct our attention to issue number one. At the onset of this round of litigation, the husband stipulated that he had the financial ability to pay any increases in alimony and child support that the court determined to be appropriate. Based on that stipulation and the Third District’s opinion in Braverman v. Braverman, 549 So.2d 750 (Fla. 3d DCA 1989), the trial court refused to permit the wife to conduct discovery as to the husband’s current finances. The holding in Braverman has recently been rejected by our supreme court in Miller v. Schou, 616 So.2d 436 (Fla.1993). Following the holding in Schou, we determine that the husband must, at the least, be required to provide to the court and to the wife a current financial statement in the form now required by Florida Rule of Civil Procedure 1.611(a). Additional discovery of the husband’s finances is within the sound discretion of the trial court.
Because the husband’s production of a current financial statement may influence the trial court’s determination on the issues of alimony and child support, we make no determination as to issues two and three. On remand, the trial court may reconsider these issues within its sound discretion.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.

. Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).