CARROLL, Judge.
This is an appeal by a wife, the defendant below, from a final decree in a divorce suit. The decree awarded the wife custody of a child of the parties, child support and lump sum alimony. Her appeal challenges provisions of the decree which required her to convey to her husband her interest in their jointly owned residence premises, and her stock in a business corporation and a *750 denial of her request for fees for the services of her attorney on a rehearing.
 There were no pleadings or proof . upon which to predicate a decree depriving the wife of her interest in the residence premises or of her stock in the corporation. The residence was owned by the parties in an estate by the entirety. Section 689.15, Fla.Stat., F.S.A. provides that “in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common.” As stated in Valentine v. Valentine, Fla.1950, 45 So.2d 885, 886, “Once the marriage contract was dissolved and the proportionate share of each in the estate was fixed, appellant and appellee became tenants in common, and thereafter it was for them to determine whether the property should be partitioned or whether one should purchase the interest of the other.” See also Bolles v. Bolles, Fla.1952, 59 So.2d 871 and Latta v. Latta, Fla.App.1960, 121 So.2d 42. In the absence of allegations and adequate proof that stock of American Merchandise Co. which stood in the name of the wife was not her separate property, or was subject to some equitable lien or interest of the husband, it was error to confer that property of the wife upon the husband. See Bell v. Bell, Fla.App.1959, 112 So.2d 63; Banfi v. Banfi, Fla.App.1960, 123 So.2d 52; Helsel v. Helsel, Fla.App.1962, 138 So.2d 99.
In the final decree the wife was awarded $1,500 for the services of her attorney. She now contends that it was error for the chancellor to refuse to make an additional allowance for attorney fees on certain proceedings which took place on a rehearing granted. On considering the record we are by no means convinced that such ruling by the chancellor was an abuse of discretion.
The provisions of the decree which required the wife to transfer to the husband her interest in the residence property and her separately owned corporate stock are held to be error. However, as the amount of the lump sum alimony award may have been gauged or influenced by the provisions for the transfer of property and corporate stock by the wife to the husband which we here reverse, on remand of the cause the chancellor may review and revise the provisions of the decree as to alimony, or allow the alimony provision as presently fixed to stand, as he may in his sound discretion determine from the circumstances presented.
Accordingly the decree is reversed in part, in the respects set out above. In other respects the decree stands affirmed, but the cause is remanded for further proceedings as indicated.
Affirmed in part, reversed in part and remanded.