HOBSON, Chief Judge.
Appellant appeals a final decree entered in a divorce action whereby the appellee was granted the custody of three of the minor children of the parties. The trial court also in its final decree ordered a division of the jointly owned properties of the parties. These two rulings of the trial court are the only portions of the final decree appealed.
As to the granting of the custody of three of the minor children of the parties to the appellee, we have carefully reviewed the record on appeal and the briefs filed herein and find that the holding of the trial court as to such custody is supported by competent and substantial evidence which accords with logic and reason.
The appellant contends that the division of the jointly owned properties by the trial court was reversible error in that the chancellor had no authority under the law to divide said properties. Appellant relies on the case of Bergh v. Bergh, Fla.App.1961, 127 So.2d 481. The Bergh case held that in the absence of a voluntary agreement between the parties with respect to the division of jointly held properties and where the pleadings are devoid of any prayer seeking partition of the parties’ interests in jointly owned property, the trial court has no authority to divide jointly owned properties under normal circumstances.
In the instant case the appellee in his complaint prayed for a fair and equitable division of the jointly owned property and in addition thereto the trial court stated in the amended final decree that it was specifically requested without objection during the final hearing to divide the jointly owned properties. These facts in the case sub judice render the law as set forth in the Bergh case, supra, inapplicable herein.
Finding no reversible error in the final decree appealed, it is therefore,
Affirmed.
LILES and McNULTY, JJ., concur.