LILES, Judge.
Wanda and .Milton Coykendall were married on December 31, 1964, and subsequently purchased a home held by the entirety. The husband made the downpayment and periodic payments on the mortgage from time of purchase until the parties separated a little over a year prior to the divorce. During the marriage the wife purchased 40 shares of Publix Supermarket stock and the husband purchased 200 shares of such stock.
Mrs. Coykendall filed suit for divorce, asking for exclusive use of the home property and conveyance to her of her husband’s interest in the property as lump sum alimony. The court granted the divorce and ordered that the home and furnishings be sold and the proceeds divided equally. The order also' stated that the Publix stock was to be changed to reflect ownership solely in the party out of whose salary the shares were purchased. Mrs. Coykendall moved for rehearing, and the motion was denied. The husband moved for enforcement of final judgment, and the court ordered that the wife accept or reject the husband’s offer to purchase the home property, providing that in case of rejection of the offer by the wife, the property would be sold. Wife’s motion to amend judgment was denied and she appealed.
The wife argues the trial court should have awarded her the home property as lump sum alimony rather than ordering ■the home sold. She also says the trial court erred by dividing the stock shares as it did.
The record shows this was a marriage of fairly short duration with no children involved. Both parties were employed at the time of the final hearing and their earnings were approximately equal. They had a small equity in a house, and the previously mentioned 240 shares of Publix stock.
The division of the stock was made in accordance with the testimony of the wife as to which shares of stock were actually hers and which shares belonged to Mr. Coykendall. We cannot say the trial court abused its discretion in this matter.
The wife offered very little testimony on the issue of the residence. The husband requested that the court order the property sold and the proceeds divided. Even *559 though nothing- in the pleadings requests partition of the parties’ interest in jointly-owned property, the husband’s in-court request for such relief, accompanied by the wife’s failure to object, is sufficient to allow the sale. Butcher v. Butcher, Fla.App.1970, 239 So.2d 855. It is clear from the record that the wife made some of the mortgage payments while the parties were separated. It is not clear, however, how many payments she actually made. The decision in this case is therefore modified to the extent that in the event the property is sold the wife should be reimbursed from the proceeds of the sale for the payments she actually made while the parties were separated, with the remaining proceeds to be divided equally. The trial judge should hear evidence on this question and determine the proper amount of reimbursement to the wife.
Affirmed in part and modified in part.
PIERCE, C. J., and McNULTY, J., concur.