258 So.2d 489 (1972)
Kathryn L. RANKIN, Appellant,
v.
James A. RANKIN, Appellee.
No. 71-458.
District Court of Appeal of Florida, Second District.
February 23, 1972.
Gay & Gordon, St. Petersburg, for appellant.
*490 McClure & Turville, St. Petersburg, for appellee.
LILES, Acting Chief Judge.
Mrs. Kathryn L. Rankin sued her husband, James A. Rankin, for a divorce. Among other things, she asked in her complaint for permanent possession of the home and a 1967 Cadillac automobile as lump sum alimony. Her husband answered and filed a counterclaim asking for a partition of all the real and personal property held as an estate by the entireties. A complete list of all property was set out in his complaint. The parties subsequently entered into a stipulation agreeing that they owned jointly as tenants by the entireties a residence in Pinellas County appraised at $32,000; a lot in Citrus County upon which a home was currently being constructed; a 1967 Cadillac automobile and two certificates of deposit in the amount of $5,000 each.
The case came on for trial and at the conclusion of the testimony the chancellor entered his decree awarding a divorce to the plaintiff, giving custody of the minor son to the plaintiff; and adjudged that defendant pay to the plaintiff the sum of $200 monthly for the support and maintenance of the minor child. The chancellor then awarded the Pinellas County residence together with the unencumbered furniture and fixtures and the 1967 Cadillac automobile to the wife as lump sum alimony. The alimony award also included $5,000 which the wife had previously withdrawn from a joint checking account and deposited in her own name. The court then gave to the husband the lot and partially built home in Citrus County together with the two certificates of deposit of $5,000 each. The chancellor retained jurisdiction to enter such other orders as may be appropriate and just.
The only part of the decree contested in this appeal is the division of property and the awarding of $200 monthly for support of the 18 year old child. The awarding of the support for the child was not, in our opinion, an abuse of discretion and we therefore affirm that part of the decree.
We go next to the question of the awarding of lump sum alimony as prayed for in the wife's complaint.
The chancellor by virtue of Fla. Stat. § 65.08, 1951, F.S.A., has the authority to make such an award. See Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825; Bildner v. Bildner, Fla.App. 1969, 219 So.2d 749; Halberstadt v. Halberstadt, Fla. 1954, 72 So.2d 810; and the leading case of Reid v. Reid, Fla. 1953, 68 So.2d 821, 822, where Justice Thomas, writing for the court, said:
"Clearly, under Sec. 65.08, Florida Statutes, 1951, and F.S.A., the chancellor had the power to order payment of alimony `in a lump sum.' He had also the power to require the conveyance by the husband to the wife of real property owned entirely by the husband. See Bezanilla v. Bezanilla, Fla., 65 So.2d 754. If the chancellor can order the conveyance of property the husband owns outright there is no reason to hold that he cannot order the man to convey to the woman his undivided interest in property they own as tenants in common."
We next come to the question of whether the chancellor can partition the property upon a simple prayer for partition in his complaint. In Banfi v. Banfi, Fla. App. 1960, 123 So.2d 52, the court reiterated the rule set forth in Bell v. Bell, Fla.App. 1959, 112 So.2d 63, and Latta v. Latta, Fla. App. 1960, 121 So.2d 42. In Banfi the court held that in the absence of an agreement of the parties or appropriate pleadings a chancellor is without authority to effect what might amount to a property settlement between parties to a divorce action and cannot dispose of the property belonging to the parties as an incident to the divorce. This line of cases relies on Fla. Stat. § 689.15, *491 F.S.A., wherein the last sentence provides: "... and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common." The appellate courts have reaffirmed this rule in Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123; Massey v. Massey, Fla.App. 1967, 205 So.2d 1; and in Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825.
The question then becomes what are appropriate pleadings. In Butcher v. Butcher, Fla.App. 1970, 239 So.2d 855, this court held in an opinion by Judge Hobson, concurred in by Judge McNulty and me, that where the "complaint prayed for a fair and equitable division of the jointly owned property and in addition thereto the trial court stated in the amended final decree that it was specifically requested without objection during the final hearing to divide the jointly owned properties," it did not come within the rule laid down in Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481. The Butcher case however turned on the pleadings for division and by our affirmance we held that the pleadings were sufficient. Therefore, we must examine the pleadings in the instant case to see if they are sufficient. We believe that in this case they do not comply with the due process afforded in the statute on partition. We are not saying that a partition of the property cannot be accomplished in a divorce action. We simply say that the pleadings must be such as to afford both parties due process.
In Fields v. Fields, 1948, 160 Fla. 561, 35 So.2d 722, the Supreme Court said:
"If there is any theory under which one lawsuit will suffice there is no reason for generating another."
In Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52, the court said:
"In the case at bar, it is true the parties could, absent the provisions of the present decree as it pertains to their property rights, have proceeded under the statute for a partition of both real and personal property, but since partition was prayed for in the original complaint, we see no reason why the chancellor could not, upon a remand of this cause, permit appropriate pleadings to be filed by the appellant wife to so much of the complaint as pertains to the real and personal property and its partition, and upon such issues determine the respective rights of the parties according to the requirements of the partition statute. See §§ 66.01-66.09, supra." (Now §§ 64.011-64.091).
It therefore appears that where the appropriate pleadings for partition have been included in the complaint for divorce the chancellor may proceed to partition such property even though it is held by the entireties.
The next question then is whether or not the chancellor had the authority to partition personal property. We believe that the same due process afforded for the partition of real estate held by tenants by the entireties should be afforded for partition of personalty held as tenants by the entireties and that Florida Statute § 64.091 so provides.
In Sistrunk v. Sistrunk, Fla.App. 1970, 235 So.2d 53, 55, the court said:
"By virtue of Section 689.15, F.S. 1967, F.S.A., the stock, which had been jointly owned by the husband and wife as tenants of an estate by the entirety during the marriage, automatically became owned by the parties after divorce as tenants in common."
In the instant case the chancellor has, in our opinion, fairly and equitably divided the property and we do not question the fairness of this division. We are simply forced by the statutes and case law to the conclusion that absent appropriate pleadings complying with the partition statute or mutual agreement of the parties, *492 he was in error to have done so. For these reasons we reverse and remand for further proceedings.
When the chancellor awarded as lump sum alimony the home together with the Cadillac automobile and the $5,000 withdrawn from a joint account, he was attempting to make an equitable division of the property. This influenced his decision. Upon remand we reverse that portion of the final decree also on the authority of Glasser v. Glasser, Fla.App. 1965, 178 So.2d 749, 750, wherein the court said:
"However, as the amount of the lump sum alimony award may have been gauged or influenced by the provisions for the transfer of property and corporate stock by the wife to the husband which we here reverse, on remand of the cause the chancellor may review and revise the provisions of the decree as to alimony, or allow the alimony provision as presently fixed to stand, as he may in his sound discretion determine from the circumstances presented."
We therefore conclude that the chancellor understandably erred in that part of the decree dividing the real and personal property held as tenants by the entireties. It therefore becomes necessary for this cause to be remanded with directions to the chancellor to entertain additional pleadings in the same cause that will satisfy the due process requirements of the partition statute. In so doing, he may follow the procedure set forth in Glasser v. Glasser, supra, and revise the lump sum alimony as he may think fair and equitable.
Affirmed in part, reversed in part, and remanded.
HOBSON, J., and DAYTON, ORVILLE L., Jr., Associate Judge, concur.