PER CURIAM.
On the basis of our review of the briefs and the record on appeal we are of the opinion that the appellant has failed to make error clearly appear except with respect to that part of the final judgment partitioning the marital residence. As a general rule, in the absence of an agreement of the parties or appropriate pleadings praying for partition of jointly owned property upon the entry of a decree of divorce, a chancellor has no authority either to partition jointly owned property or effect what might amount to a property settlement between the parties nor dispose of property belonging to them as an incident to the divorce. Bergh v. Bergh, Fla.App.1961, 127 So.2d 481. A more detailed discussion of this proposition is set forth in the very recent opinion of Rankin v. Rankin, Fla.App.1972, 258 So.2d 489.
Accordingly, that part of the final decree partitioning the real property is reversed and the cause remanded for further consideration in light of the procedure set forth in Rankin v. Rankin, supra; in all other respects the final judgment is affirmed.
REED, C. J., and OWEN and MAGER, JJ., concur.