LILES, Acting Chief Judge.
W. B. Mitchell brought suit against his wife, Betty Sue Mitchell, for divorce. The marriage occurred in 1946 and the final judgment of divorce was entered April 21, 1971.
We have meticulously studied the record, the trial judge’s finding of fact and the final judgment. The appellant complains that $100.00 per month as an award of child support for one son constitutes an abuse of discretion, particularly when it is determined that the father has an average annual income of $67,172.83 and possesses a sizeable estate. If this were the only fact to be taken into consideration, then it is our judgment that this would constitute an abuse of discretion. *470 However, from, the record it appears that it is the husband’s intent to do much more for his minor son. It also appears that the son is too young to have the money paid to him directly and the wife’s habits do not support her ability to see that the money would be spent on support of the child. We would point out that the trial judge retained jurisdiction to modify child support in the event the mother’s conduct should improve or in the event the father does not voluntarily live up to his responsibilities.
Appellant also questions the $400.00 per month award to her as alimony. We are not persuaded under the circumstances that the trial judge abused his discretion.
The last point assigned as error contests the judge’s authority to order the sale of the home which is held as tenants by the entireties. This court recently rendered an opinion, Rankin v. Rankin, Fla.App.1972, 258 So.2d 489, in which we attempted to compile the cases construing the chancellor’s authority to partition property held as tenants by the entireties absent an agreement between the parties or by appropriate pleadings complying with the partition statute. The trial judge in his final judgment followed the procedural requirements of Chapter 64, Fla.Stat., F.S.A.
We do not recede from the law enunciated in Rankin, since it appears that the intent of that law has been followed in the instant case. We do not believe that the best interests of justice and equity would be served by requiring a reversal simply to file additional pleadings for partition since the safeguards have been met.
We therefore affirm.
McNULTY, J., and DAYTON, ORVILLE L., Jr., (Ret.), Associate Judge, concur.