294 So.2d 415 (1974)
Gary E. NIEMANN, Appellant,
v.
Carol Jean NIEMANN, Appellee.
No. 72-971.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Edward A. Perse of Horton Schwartz & Perse, Miami, and R.E. Conner, Fort Lauderdale, for appellant.
Terrence J. Russell of Ruden Barnett McClosky Schuster & Schmerer, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal by the husband from a final judgment of dissolution which, among other things, awarded the wife the husband's one-half interest in a family owned corporation as lump sum alimony. The wife has cross appealed from the alleged inadequate award to her of attorney's fees.
*416 As a result of this eleven year marriage the parties had three minor children. They accumulated jointly held assets of a minimum value of $186,000. These assets include the marital domicile, household goods, two automobiles, two boats, a small office building, and stock in a family owned corporation. Shortly after the marriage the wife came into possession of a trust fund which ultimately amounted to approximately $65,000. During the course of the marriage she contributed the entire principal and income from said trust fund toward the acquisition of the aforementioned jointly held property and toward the family living expenses. The husband earned slightly in excess of $75,000 from his various occupations during the term of the marriage, while the wife took care of the home and children.
The husband's complaint for dissolution alleges the joint ownership of the property in question and requests the court to adjudicate the parties' respective interests therein. The wife's counterclaim alleges a special equity in all the assets of the parties; it prays for alimony and a just and equitable award and division of the assets and various business interests of the parties. In the final judgment the court found that the parties desired the court to dissolve the marriage and to determine the distribution of their various assets. After providing for the dissolution of the marriage the judgment proceeded to award the wife custody of the children of the parties; child support; attorney's fees; and, as lump sum alimony, the husband's one-half of the stock in G.E. Niemann Industries, Inc. (The wife owned the other half of the stock in said corporation.) The judgment then directed the wife to convey to the husband her undivided one-half interest in the home, the office building, the automobiles, and the boats. The focal point of appellant's attack on the final judgment is the award of his one-half interest in the corporate stock to the wife as lump sum alimony.
The record reflects that the veteran chancellor spent many hours on this matter, and as a result he no doubt had a unique appreciation of the parties and their problems. However, in our opinion the award to the wife of the corporate stock as lump sum alimony and the award to the husband of the home, office building, automobiles, and boats constitutes an abuse of discretion since it is tantamount to the imposition of a property settlement by the court. Coscia v. Coscia, Fla.App. 1972, 262 So.2d 254; Harder v. Harder, Fla.App. 1972, 264 So.2d 476.
The court's authority to effect a change in the title to the property of the parties in a dissolution of marriage is restricted to an award of lump sum alimony, a determination of a special equity, a partition of the property, or a division based upon an agreement of the parties. Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481; Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489; Coscia v. Coscia, supra; Harder v. Harder, supra. Of course, the facts of the particular case will control which, if any, of the alternatives is appropriate.
To justify partition one of the parties must plead a right thereto in accordance with Chapter 64, F.S. 1971, F.S.A. A prayer for a division of the property of the parties is insufficient. Wilkerson v. Wilkerson, Fla.App. 1965, 179 So.2d 592, 598; Toby v. Toby, Fla.App. 1973, 280 So.2d 523. That requirement is no idle whim since partition involves certain rights, such as the right to partition in kind, a determination of the respective interests of the parties in the property, and the proper distribution of the proceeds from a sale. If the division of property is based upon an oral agreement of the parties, the record should clearly reflect that agreement. In the present case there was no written or oral contract of the parties agreeing to the awards made. True, the court found in the final judgment that the parties desired "the court to determine the distribution of *417 their various assets." The only basis in the record for such a finding is the general language contained in the complaint and counterclaim praying for an adjudication of the respective interests of the parties. We do not believe that such general statements in the pleadings form a sufficient basis for a division of the parties' jointly held property, since cases abound in this jurisdiction holding that if either of the parties wants his jointly held property divided in a manner other than that provided by 689.15, F.S. 1971, F.S.A., he must agree to the manner of the division or properly plead a right to partition. Bergh v. Bergh, supra; Rankin v. Rankin, supra; Coykendall v. Coykendall, Fla.App. 1972, 260 So.2d 558. We find the present record insufficient to justify the awards in question either on the basis of an agreement of the parties or on the basis of an appropriately pleaded prayer for partition.
In a recent decision, Walton v. Walton, Fla.App. 1974, 290 So.2d 110, the Third District Court of Appeal approved a division of property by the trial court based upon the husband's prayer for "an equitable division of the property" and the finding that the issue was tried without objection. The court there held that while it was not always the rule, today a trial court is authorized to divide the jointly held property of the parties if such division is sought by one of the parties and tried without objection. The authority relied upon therein is Butcher v. Butcher, Fla. App. 1970, 239 So.2d 855, and Baker v. Baker, Fla.App. 1973, 271 So.2d 796. However, the Second District Court of Appeal appears to have receded from the Butcher case. See Coykendall v. Coykendall, supra. The Baker case does not appear to support the holding of the Walton case as it involved a determination that the wife was entitled to a special equity in the property. The holding in the Walton case might be justified on the ground that the appellant requested the equitable division of the property and was thus estopped to challenge the court's authority to do so. In any event, we decline to follow that decision because we view it as a departure from the long settled rules limiting the court's authority in awarding jointly owned property to the situations described above.
We turn now to the question whether the awards have some other lawful basis. The wife prayed for a special equity in all of the property of the parties, but the trial court made no finding that she was entitled to an award on that basis. In this we believe he was correct. This marriage was a true Steinhauer partnership. The parties treated each other as equals and all of their material accumulations were jointly held or used for their joint benefit. Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825. The wife consumed her entire $65,000 trust fund assisting in the accumulation of their joint properties and in meeting the general day to day family living expenses. For that contribution she now owns an undivided one-half interest in property in which her minimum equity is estimated at $92,500. Under the circumstances of this case the wife's entitlement to a special equity in her husband's undivided one-half interest in their jointly held property is clearly negated by the holding of this court in Zuidhof v. Zuidhof, Fla.App. 1971, 242 So.2d 739.
The only remaining basis upon which this award could have been made is as lump sum alimony. However, the record in this case does not justify an award of lump sum alimony. It is axiomatic that alimony is based upon one party's need and the other party's ability to pay. These being the criteria, it would be anomalous to require a recipient of alimony to convey property to the spouse paying alimony. Certainly one cannot have "a need" and the "ability to pay" at the same time. Cf. Harder v. Harder, supra.
The wife complains that the award of attorney's fees for her counsel was inadequate. While the wife was well represented in this cause, we do not feel the amount *418 awarded her constituted an abuse of discretion. Therefore the trial court's award of attorney's fees is affirmed.
The judgment is reversed and the cause is remanded with directions that the trial court reconsider paragraphs 5, 6, and 7 of the final judgment and enter such judgment as the court deems appropriate regarding the parties' rights to alimony and distribution of their property in accordance with this opinion. In its further consideration of these matters the trial court is authorized to entertain such additional pleadings and evidence as may be appropriate to meet the needs of the parties. See Rankin v. Rankin, supra; Coscia v. Coscia, supra.
Affirmed in part, reversed in part, and remanded.
OWEN, C.J., and CROSS, J., concur.