311 So.2d 176 (1975)
Edward F. NEWBERGER, Sr., Appellant,
v.
Jean H. NEWBERGER, Appellee.
No. 74-655.
District Court of Appeal of Florida, Fourth District.
March 21, 1975.
Rehearing Denied April 6, 1975.
George J. Baya, Miami, for appellant.
Errol S. Willes of Willes, Bittan & Willes, Fort Pierce, for appellee.
PER CURIAM.
Upon examination of the record and after due consideration of the briefs and oral argument we are of the opinion that no reversible error has been demonstrated. In particular, the trial court did not abuse its discretion in awarding permanent alimony rather than rehabilitative alimony. Herbert v. Herbert, Fla.App. 1974, 304 So.2d 465. Moreover, the facts and circumstances of this case do not lend themselves to an application of the rehabilitative alimony concept. See Reback v. Reback, Fla.App. 1974, 296 So.2d 541. Furthermore, with particular respect to the division of property held by the parties as tenants by the entirety we are satisfied that the record contains appropriate pleadings for partition. Rankin v. Rankin, Fla. App. 1972, 258 So.2d 489; Niemann v. Niemann, Fla.App. 1974, 294 So.2d 415; compare with Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123. Having considered and found the other points to be without merit the judgment appealed from is affirmed.[1]
Affirmed.
CROSS and MAGER, JJ., and REDDICK, THOMAS J., Jr., Associate Judge, concur.
NOTES
[1] Appellee's brief contains extensive quotations from this court's decision in Niemann, supra, which relates directly to an issue involved in this appeal. Appellee's brief also quotes extensively from the decisions of our sister courts in Butcher v. Butcher, Fla.App. 1970, 239 So.2d 855, and Walton v. Walton, Fla.App. 1974, 290 So.2d 110, which are at variance with Niemann. We express some concern over the fact that this variance was not acknowledged by the appellee; the quotations from Niemann are incomplete in that there is omitted therefrom the specific determination which this court made in Niemann rejecting the decisions in Walton and Butcher. While we are confident that this omission was inadvertent we would call attention to the responsibiity of counsel to fully inform the court on the applicable law whether favorable or adverse to the position of his client in order that the court is better able to make a fair and accurate determination of the matter before it. EC 7-23, Canon 7, Code of Professional Responsibility.