327 So.2d 242 (1976)
Lillian J. O'HARA, Appellant,
v.
James E. O'HARA, Appellee.
No. X-406.
District Court of Appeal of Florida, First District.
February 20, 1976.
Rehearing Denied March 16, 1976.
Hugh T. Handley, Fort Walton Beach, for appellant.
J. LaDon Dewrell, Fort Walton Beach, for appellee.
McCORD, Acting Chief Judge.
This is an appeal from a final judgment of dissolution of marriage. The judgment, among other things, ordered that the jointly owned homeplace of the parties located in the State of New Jersey be listed for sale and sold. Appellant contends such was error. The requirement that this jointly owned home be sold was in effect a partitioning of the property, which the court was unauthorized to require in the absence of an agreement by the parties or a request for partition in the pleadings. Bergh v. Bergh, Fla.App. (1st), 127 So.2d 481 (1961); Rankin v. Rankin, Fla.App. (2nd), 258 So.2d 489 (1972); Coscia v. Coscia, Fla.App. (4th), 262 So.2d 254 (1972); Moore v. Moore, Fla.App. (3rd), 311 So.2d 152 (1975); and 10A Fla.Jur., Dissolution of Marriage, § 105. Here, there was no prayer for partition in the pleadings, and there is no indication that the parties were in agreement on the sale of the home. We make no ruling here on the question of whether or not the court, by consent of the parties or upon adequate pleadings, could direct sale of out-of-state property.
We have considered the other contentions of appellant on this appeal and find them to be without merit. That part of the final judgment which required sale of the home of the parties is reversed and the final judgment in other respects is affirmed.
MILLS and SMITH, JJ., concur.