PER CURIAM.
Petitioner wife, Eva Schwartz, appeals a final judgment dissolving her marriage to Israel Schwartz and assigns error upon the financial provisions of the judgment. The primary point urged is that the trial court erred in awarding to the husband the business property which was held as an estate by the entirety. A review of the partial record before us shows that the wife claimed and received as lump sum alimony the husband’s interest in a substantial portion of the non-business property including rental property. The conduct of this cause brings the facts of this case within the scope of the rule stated in Walton v. Walton, Fla.App.1974, 290 So.2d 110, where the court of appeal held that the trial court is authorized to make a division of property even if held by the entireties if such a division is sought by one of the parties and tried without objection. But see Niemann v. Niemann, Fla.App.1974, 294 So.2d 415, and Newberger v. Newberger, Fla.App. 1975, 311 So.2d 176.
An additional point is presented urging that the court erred in failing to provide for the support of a 17 year old son who is being maintained in school by the husband. We think that no error is shown inasmuch as the wife tacitly agreed to the present arrangement and if the husband should change the circumstances by failing to follow the stipulation, a proper provision for the support during the remaining minority of the 17 year old can be made by the trial court upon petition.
The remaining points presented by the appellant have been considered and found not to present reversible error.
Affirmed.