341 So.2d 277 (1977)
Jessie Marie Miller SUHOR, Appellant,
v.
Charles August SUHOR, Appellee.
No. AA-299.
District Court of Appeal of Florida, First District.
January 14, 1977.
Steven M. Goldstein, Tallahassee, for appellant.
Charles August Suhor, pro se.
PER CURIAM.
The primary issue involved herein is whether the trial court in its final judgment of dissolution of marriage had the authority to order that the marital home of the parties be sold and that the proceeds derived therefrom be used to satisfy specific debts. In its final judgment, the trial court specifically found that inasmuch as appellee had numerous outstanding debts which he could not meet on his current earnings, the only source from which payment of the obligations could be met would be from a sale of the marital residence.
We agree with appellant that, under the circumstances of this case, the trial court acted without authority by ordering a sale of the marital home. We formerly held in Bergh v. Bergh, Fla.App. 1st 1961, 127 So.2d 481, that a trial court may not dispose of jointly owned property in the absence of special circumstances. Specifically, we held,
"In the absence of special equities, an estate by the entireties held by a husband and wife in property acquired by them during marriage is automatically converted into a tenancy in common upon the *278 entry of a decree of divorce. As a general rule, in the absence of an agreement of the parties or appropriate pleadings praying for partition of jointly owned property upon the entry of a decree of divorce, a chancellor has no authority either to partition jointly owned property or effect what might amount to a property settlement between the parties nor dispose of property belonging to them as an incident to the divorce. After the proportionate share of each party has been fixed in jointly owned property and the marriage dissolved, it is then up to the parties themselves to determine whether their property should be partitioned or disposed of in some other manner. In the absence of special circumstances a chancellor is without authority to order that one of the parties transfer his or her property interest to the other." (127 So.2d at page 487; footnotes deleted)
(See also O'Hara v. O'Hara, Fla.App. 1st 1976, 327 So.2d 242)
Our examination of the record has revealed none of the special circumstances as discussed in the Bergh case. Thus, although the trial court sought, for the best of reasons, to effectuate an equitable settlement, the court was without the authority to do so.
We do not find it necessary to discuss the other issues raised by appellant.
Reversed and remanded for further proceedings consistent herewith.
BOYER, C.J., McCORD, J., and McDONALD, PARKER LEE, Associate Judge, concur.