351 So.2d 1126 (1977)
Mary E. SANDERS, Appellant,
v.
Robert L. SANDERS, Appellee.
No. 77-938.
District Court of Appeal of Florida, Second District.
November 16, 1977.
L. Guerry Dobbins, Jr., of Law Offices of Walter W. Manley, Lakeland, for appellant.
William A. Seacrest of Harris & Seacrest, P.A., Lakeland, for appellee.
McNULTY, JOSEPH P. (Ret.), Associate Judge.
On this appeal, Mary E. Sanders argues that the trial court erred in ordering the partition of the marital home as part of a judgment of dissolution of marriage. For the reasons hereinafter stated we agree and reverse that portion of the judgment.
The appellee/husband filed the petition herein for dissolution. He also asked the court to make an equitable distribution of jointly-owned property. Appellant/wife then filed an answer and a counterpetition in which she requested ownership of the marital home. After a hearing on the matter, the trial court granted the dissolution and ordered the marital home sold and the proceeds divided between the parties.
This court has long held that a judge may partition the jointly-owned property of the parties in a divorce action only if the due process requirements of Chapter 64, Florida Statutes (1975), relating to partition are met. Carlsen v. Carlsen, 346 So.2d 132 (Fla. 2d DCA 1977); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972). No such compliance is evident in this case. First of all, the husband's petition seeking division of the property does not set forth the required allegations as set forth in Section 64.041, Florida Statutes (1975). Furthermore, the final judgment itself does not provide for the appointment of commissioners or a master, as may be appropriate, in compliance with Section 64.061, Florida Statutes (1975), *1127 nor does it provide for the manner and conditions of sale pursuant to Section 64.071, Florida Statutes (1975).
We reject Mr. Sanders' argument that the prayer for an equitable "division" of property in his petition was sufficient to serve as a basis for the court's order of partition. While such a prayer may serve as a basis for division of property when appropriate to serve alimony or special equity considerations, it may not serve as a basis for partition. Compare Butcher v. Butcher, 239 So.2d 855 (Fla. 2d DCA 1970) with Coykendall v. Coykendall, 260 So.2d 558 (Fla. 2d DCA 1972).
In view of what we have said we must reverse that part of the final judgment in which the court ordered partition. We remand the case to the trial court so that it may allow for the filing of such appropriate supplemental pleadings as may be necessary to satisfy the statutory requisites for partition. Burns v. Burns, 174 So.2d 432 (Fla. 2d DCA 1965). In all other respects we affirm the final judgment.
GRIMES, Acting C.J., and SCHEB, J., concur.