402 So.2d 66 (1981)
Helen D. WEIDER, Appellant/Cross Appellee,
v.
William Grimes WEIDER, Appellee/Cross Appellant.
Nos. 80-744, 80-1318 and 80-1367.
District Court of Appeal of Florida, Fourth District.
August 12, 1981.
*67 David R. Wellens of Sobo, Wellens & Balocco, Fort Lauderdale, for plaintiff/cross appellee, wife.
Jerald A. Goldstein, Boca Raton, for appellee/cross appellant, husband.
MOORE, Judge.
This case involves consolidated appeals from a final judgment of dissolution of marriage and certain post-judgment orders. Each of the parties raises several points on appeal. In view of our holding, it is not necessary to consider each of the points. We find that the trial court abused its discretion and reverse for a new trial.
In the final judgment, the trial court, inter alia, dissolved the marriage of the parties, awarded the appellant-wife $300 bi-weekly as rehabilitative alimony for three years, and ordered a partition of the marital home, awarding to the wife a $6,000 special equity therein. In a post-judgment order, the trial court awarded the wife exclusive use and possession of the marital home "... until July 14, 1983 or a determination of the appeal of the final judgment... whichever occurs latest in point of time."
The parties were married 23 years at the time of the final hearing. The wife was 60 years old. Although she had had several clerical and sales jobs, she had not been employed for the last 12 years prior to the final hearing. Her testimony indicated that she was in poor health. A vocational consultant, however, testified that she was capable of earning $150 to $160 per week.
The husband, on the other hand, was 51 years old at the time of the final hearing and was earning an annual salary of $43,000 plus various fringe benefits as a vice president of Sensormatic Corporation. The only child of the marriage was emancipated.
The failure to award permanent alimony under these circumstances constitutes an abuse of the trial court's discretion. It is inconceivable that the wife, 60 years old and in poor health, would have the ability to be completely self-supporting upon termination of the rehabilitative alimony. The evidence showed that at most the wife could earn $150 to $160 a week and there was no indication that this amount would increase with rehabilitation. Absent evidence showing that the wife has the ability, with rehabilitation, to become self-supporting, permanent alimony should be awarded. Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1980); accord, Colucci v. Colucci, 392 So.2d 577 (Fla. 3rd DCA 1980). The facts here present a more compelling case for reversal than the above cases.
Next we consider the amount of the alimony. The factors to be considered *68 in determining the amount of alimony payments are the needs of one spouse and the ability of the other spouse to satisfy those needs. The criteria to be used include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during the course of the marriage, and the value of the parties' estates. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). See also, McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); cert. denied 357 So.2d 186 (Fla. 1978). In considering these criteria, it becomes obvious that the award of rehabilitative alimony of $300 bi-weekly is inadequate. Assuming the wife obtains employment at the rate of $150 per week, she will have a total annual taxable income of $15,600 for three years. The husband's income, on the other hand, less his deductible alimony, will be $35,200. This disparity in the relative incomes of the parties warrants alimony in excess of that awarded by the trial court.
We must also reverse that portion of the final judgment ordering partition. In order to justify an award of partition, the pleadings must conform to the requirements of Section 64.041, Florida Statutes (1979). Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974), cert. dismissed, 312 So.2d 733 (Fla. 1975). Also, the final judgment must provide for partition in accordance with the procedures set forth in Chapter 64, Florida Statutes (1979). Sanders v. Sanders, 351 So.2d 1126 (Fla. 2nd DCA 1977); Rankin v. Rankin, 258 So.2d 489 (Fla. 2nd DCA 1972). The failure of the pleadings in this case to satisfy the statutory requirements and the failure of the final judgment to provide for partition in accordance with the statutory procedures mandates reversal. We, therefore, remand this case to the trial court so that appropriate supplemental pleadings may be filed. See, Sanders, supra.
We must also reverse that portion of the post-judgment order granting the wife exclusive use and possession of the marital home "until July 14, 1983 or a determination of the appeal of the final judgment ... whichever occurs latest in point of time." Fla.R.App.P. 9.600 allows the trial court to enter and enforce orders necessary for the protection of a party pending appeal. By awarding the wife the exclusive use and possession of the marital home until July 14, 1983 in the event this appeal is decided prior to that time, the trial court has exceeded its jurisdiction. The trial court losses jurisdiction upon the filing of a notice of appeal except for those matters specifically enumerated in Rule 9.600, and the rule does not provide for such jurisdiction beyond the pendency of the appeal.
Because of the changes required by this opinion and the interrelationship of the financial aspects, the trial court, on remand, should reconsider all the provisions of the final judgment relating to support and division of the parties' assets in order to do equity and justice between the parties. Goss v. Goss, 400 So.2d 518 (Fla. 4th DCA 1981). In reconsidering the final judgment the trial court may receive new evidence.
Except for the granting of a dissolution of the marriage between the parties, the final judgment is reversed and this cause is remanded for further proceedings.
LETTS, C.J., and DOWNEY, J., concur.