DOWNEY, Judge.
The wife in this dissolution of marriage proceeding appeals the final judgment and poses five points for consideration. We have seriously addressed all of said points but find error presented in only two of them.
The wife, age 57, and the husband, age 55, were married for thirty-six years. All of their children are adults, but one is handicapped. The wife worked a good portion of her married life, but because of a slight stroke and other physical ailments she was required to give up her position as a computer operator with a bank. At the time of the dissolution of marriage she was working part time as a “Kelly girl” at $3.25 per hour. The husband had held a responsible position with a boat company and, although he was no longer employed there, he has the capacity for quite remunerative employment. The husband inherited an interest in a substantial farm in Wisconsin. Among his assets are an undivided one-half interest in the marital domicile and the interest in the Wisconsin farm.
The wife contends she should have been awarded permanent instead of rehabilitative alimony and we agree. The length of the marriage, her age, and the condition of her health convince us that rehabilitative alimony is not appropriate here.
*1071 The only other point that we find has merit is the wife’s argument that the final judgment should not, have provided that the court will order a sale of the marital home upon petition of either party, because the right to partition was not pleaded.
Accordingly, the final judgment is affirmed in all respects except that on remand the trial court is directed to modify the final judgment by making the alimony award permanent periodic alimony and eliminating that part of ¶ 3 providing for sale of the marital home.
AFFIRMED AS MODIFIED AND REMANDED, with directions.
ANSTEAD, C.J., and HERSEY, J., concur.