PER CURIAM.
Appellant attacks that portion of the judgment of dissolution which reads as follows:
2. The marital home is to be placed for sale forthwith with a licensed real estate broker.. If the home is not sold within a reasonable time, which this Court defines to be 6 months from the date of entry of this Judgment, or if either party hinders a good faith attempt to liquidate the home then this Court retains jurisdiction for partition purposes. Pending the sale of the home, the wife and children shall have exclusive use and occupancy of same and the husband shall be responsible for mortgage payments, real estate taxes and structural repairs. Upon closing of title, the husband is entitled to a credit of ½ of all such payments made by him and the net proceeds of sale after such reimbursement to the husband and after payment of the first mortgage will be divided equally between the parties.
A court cannot order partition of property incident to a dissolution of marriage where, as here, neither party filed the requisite pleadings for partition. Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986); Fries v. Fries, 445 So.2d 1070 (Fla. 4th DCA 1984); Sanders v. Sanders, 351 So.2d 1126 (Fla. 2d DCA 1977); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972). We, therefore, strike the first two sentences of the foregoing paragraph. Since the parties now own the home as tenants in common, either of them can sue for partition at any time. We leave the last two sentences intact because they pertain to the use of the home if it is not sold and to the division of proceeds if it is sold.
We find no error with respect to the other issues argued on appeal.
Except as indicated above, we affirm the judgment.
GRIMES, A.C.J., and RYDER and HALL, JJ., concur.