521 So.2d 125 (1987)
Diana Lynn BORNTRAEGER, Appellant,
v.
John E. BORNTRAEGER, Appellee.
No. BS-439.
District Court of Appeal of Florida, First District.
December 4, 1987.
As Amended on Clarification March 4, 1988.
Ned I. Price, Jacksonville, and Natalie Y. Brunson, Jacksonville, for appellant.
David B. Lee, Jr., of David B. Lee, Jr., Chartered, Orange Park, for appellee.
WIGGINTON, Judge.
The wife brings this appeal from the final and amended final judgments of the trial court dissolving their marriage of nineteen years. The wife raises several issues on appeal, but because we hold that *126 the trial court erred in ordering the marital residence sold, we reverse the judgment of dissolution and remand for the trial court to revisit its entire plan of equitable distribution including alimony.
The general rule is that "`in the absence of an agreement of the parties or appropriate pleadings praying for partition, a chancellor has no authority either to partition jointly-owned property or effect what might amount to a property settlement between the parties... .'" Suhor v. Suhor, 341 So.2d 277, 278 (Fla. 1st DCA 1977); O'Hara v. O'Hara, 327 So.2d 242 (Fla. 1st DCA 1976); Coykendall v. Coykendall, 260 So.2d 558 (Fla. 2d DCA 1972) (on rehearing); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972). In the instant case, the pleadings did not reflect a prayer for partition, nor do we find in the record a clear agreement to that effect between the parties. Compare Bergh v. Bergh, 127 So.2d 481, 487 (Fla. 1st DCA 1961), wherein the court alluded to the "voluntary agreement entered into between the parties with respect to a settlement of the interest which they owned and property accumulated during their marriage." (Emphasis added.) Accordingly, since the parties did not clearly agree to such partition or division during the hearing, the trial court's order to this extent must be reversed.
Accordingly, as noted earlier, in light of our reversal of the partition of the marital residence, we consider it necessary to reverse the entire division of properties set forth in the judgment of dissolution and remand the cause to the trial court for it to reconsider its plan of distribution including alimony with these following noted exceptions. We would agree with the husband that the trial court did not err as a matter of law in classifying the wife's alimony as rehabilitative. We would also suggest that on remand the trial court be cognizant of the opinions in Pastore v. Pastore, 497 So.2d 635 (Fla. 1986) and Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) in considering both of the husband's pension plans as either a marital asset for the purpose of establishing an equitable distribution of marital property or as a source of support obligation.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.